**BEFORE THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE: PARAQUAT  §<br>PRODUCTS LIABILITY  §<br>LITIGATION  § | | MDL – 3004 |

**RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION FOR TRANSFER OF ACTIONS
TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407
FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

COME NOW Plaintiffs Russell Denes (3:21-cv-02416; N.D. Cal.-LB), Paul Majors (3:21-cv-02494; N.D. Cal.-KAW), and Stephen Durbin (3:21-cv-00293; S.D. Ill-NJR) ("Plaintiffs"), in support of the movants' Motion for Transfer of Actions to the Northern District of California (the "Motion"), and also request in the alternative that the actions be transferred to and centralized in the Southern District of Illinois, also state the following:

### I.   BACKGROUND

The above-named Plaintiffs are all parties to individual civil actions in the federal system alleging injury, specifically Parkinson's disease, caused by exposure to or use of paraquat, the herbicide manufactured, sold, and/or distributed by Chevron U.S.A, Inc., Syngenta Crop Protection L.L.C., and Syngenta AG. The undersigned law firm represents Plaintiffs and hundreds of additional individuals who were diagnosed with Parkinson's disease after repeated or long-term exposure to paraquat.

Plaintiffs generally adopt and concur with the statements of facts and arguments contained in the Motion for Coordinated or Consolidated Pretrial Proceedings and agree that the related actions and tag-along cases should be centralized in an MDL for pretrial proceedings. All of the cases identified in the Schedule of Actions filed with the Motion involve substantially similar

questions of law and fact, all against the same Defendants, Chevron U.S.A, Inc., Syngenta Crop Protection L.L.C., and Syngenta AG. Discovery in these cases will be complex and voluminous, and conducting this discovery in various district courts would be unnecessarily duplicative, wasting both the parties' time and judicial resources. Accordingly, Plaintiffs agree that transfer and pretrial coordination of related paraquat Parkinson's disease cases will promote the just and efficient conduct of litigation and further the goals of 28 U.S.C. § 1407.

Plaintiffs agree that these individual actions, and all those involving similar allegations of Parkinson's disease resulting from paraquat use, should be consolidated in the Northern District of California before the Honorable Edward M. Chen ("Judge Chen"). Judge Chen is amply qualified to steer this litigation and he has already successfully overseen numerous Multidistrict Litigations including: *In re: Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2777; *In re Carrier IQ, Inc. Consumer Privacy Litig.,* MDL No. 2330; *In re: Wells Fargo Loan Processor Overtime Pay Litig.*, MDL No. 1841; and *In re: Wells Fargo Home Mortgage Overtime Pay Litig.*, MDL No. 1770.

In the alternative, if the Panel should decide that transfer to the Northern District of California is not warranted, Plaintiffs respectfully request that these actions be consolidated in the Southern District of Illinois before the Honorable Nancy J. Rosenstengel ("Chief Judge Rosenstengel"). Chief Judge Rosenstengel is also amply qualified to steer this litigation. Chief Judge Rosenstengel has five (5) of the fourteen (14) cases listed in the Schedule of Actions pending before her and has experience overseeing complex litigation. Sending the cases to Chief Judge Rosenstengel's courtroom makes sense because she already has a substantial number of paraquat cases on her docket.

### II. Argument

#### A. Transfer of These Actions for Coordination and Consolidation of the Pretrial Proceedings Promotes the Just and Efficient Conduct of Litigation and Furthers the Goals of 28 U.S.C. § 1407.

Under 28 U.S.C. § 1407, the Panel must consider whether: (1) "civil actions involving one or more common questions of fact are pending in different districts"; (2) transfer and coordination "will promote the just and efficient conduct of such actions"; and (3) transfer and coordination will serve "the convenience of the parties and witnesses." *See* 28 U.S.C. § 1407(a).

Here, transfer, coordination, and/or centralization of the pretrial proceedings are appropriate because each of the related actions and tag-along cases involve common questions of fact, including but not limited to:

- Whether paraquat was defective;
- Whether Syngenta and Chevron had knowledge regarding the existence of a defect;
- Whether Syngenta and Chevron conducted adequate testing of paraquat;
- Whether Syngenta and Chevron breached their duty of care to Plaintiffs;
- Whether Syngenta and Chevron failed to warn about the risks of paraquat;
- Whether Syngenta and Chevron breached any warranty, express or implied, related to the sale of paraquat;
- Whether paraquat is capable of causing Parkinson's disease generally; and
- Whether paraquat is capable of causing and/or did cause Parkinson's disease and related injuries of Plaintiffs.

As the number of related actions involving common questions of fact are expected to rise into the thousands and filed in numerous District Courts throughout the country, centralization under § 1407 is the only way to promote the just and efficient conduct of the actions and serve the convenience of the parties and witnesses.

Paraquat first became commercially available for use in the United States in 1964. Since that time, paraquat has generally been used in the U.S. to kill broadleaf weeds and grasses before the planting or emergence of more than 100 field, fruit, vegetable, and plantation crops, to control weeds in orchards, and to desiccate (dry) plants before harvest. While each case will have unique

3

aspects of case specific discovery, every case will share the same historical discovery of paraquat, which will span over six decades. The pretrial discovery of paraquat's history and general causation will be extensive and will apply equally to all plaintiffs. Consolidation of these pretrial issues and common questions of fact to a single District will benefit the parties and witnesses by promoting the efficient prosecution and resolution of these actions.

Moreover, since thousands of related actions are likely to be filed in District Courts throughout the country, the risk of inconsistent rulings is high. As this Panel has previously held, centralization of related actions involving common questions of fact is "necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *See In re Terrorist Attacks on Sept. 11, 2001*, 295 F. Supp. 2d 1377, 1378 (J.P.M.L. 2003). Therefore, consolidation of the related actions will not only promote the efficient prosecution and resolution of the actions, but will serve the convenience of the parties, witnesses, and judiciary.

### B. The Northern District of California is An Appropriate Forum for Transfer and Consolidation or Coordination of the Related Actions.

Once this Panel has determined that centralization of the related actions is appropriate, it then "looks for an available and convenient transfer forum." *Manual for Complex Litig.* § 22.33 at 367 (4th Ed. 2011). The Panel usually selects a forum that "(1) is not overtaxed with other MDL cases, (2) has a related action pending on its docket, (3) has a judge with some degree of expertise in handling the issues presented, and (4) is convenient to the parties." *Id.*

Navigating the administrative side of a complex MDL is difficult. The Northern District of California arguably has one of the most experienced staff and Clerk's Office in handling complex litigation such as this. The Clerk's Office provides a well-prepared, experienced, and knowledgeable staff to manage the voluminous and complex nature of this multi-district litigation.

Indeed, the Northern District of California is "well equipped with the resources that this complex docket is likely to require." *See In re: Compression Labs, Inc. Pat. Litig.,* 360 F. Supp. 2d 1367, 1369 (J.P.M.L. 2005). Further, Judge Chen has managed complex litigation before, and is qualified to do so again. This panel has recognized Judge Chen as "a jurist well-versed in the nuances of complex and multidistrict litigation who can steer this matter on a prudent course." *In re: Chrysler-Dodge-Jeep EcoDiesel Mktg. Sales Practices & Prods. Liab. Litig.*, 273 F. Supp. 1377, 1379 (J.P.M.L. 2017). Judge Chen was in fact able to steer the *Chrysler-Dodge-Jeep* matter on a prudent course and he is equally qualified to steer this matter on the same course.

The Northern District of California is a convenient venue for consolidating these proceedings. Almost half of the related actions listed in the Schedule of Actions are filed in the Northern District of California, with several cases filed after the Motion in that District. Further, Defendant Chevron U.S.A. has its principal place of business in the Northern District of California. The close proximity of litigants, witnesses, and documents serves the convenience of all involved parties. Additionally, the courthouse for the San Francisco Division is close to major hotel chains, an efficient mass transit system, and less than thirteen (13) miles from the San Francisco Airport ("SFO"). SFO is a hub to major airlines and the one of largest airport in the country, servicing nearly 28 million passengers in 2019.

In addition to the convenient and close proximity to the litigants, witnesses, and documents, the Northern District of California is also in close proximity to the only state consolidated proceeding related to paraquat and the injuries asserted here. *See In re: Paraquat Cases,* JCCP 5031. This Paraquat JCCP is located in Contra Costa County (which is contained within the Northern District of California) before the Honorable Edward G. Weil and is only thirty-five (35) miles from the Federal Courthouse in San Francisco where Judge Chen sits. The ability of the

parties to conduct joint status conferences, a joint science day, and coordinate discovery between the venues would be beneficial and convenient to the parties.

As of March 2021, many of the Northern District's MDL cases are close to completion, including *In re: Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2777, which is being overseen by Judge Chen. For the reasons stated above, Plaintiffs respectfully request that the Panel transfer the above-mentioned related actions and all subsequent tag-along cases for coordinated and consolidated pretrial proceedings before Judge Chen in the Northern District of California.

### C. In the Alternative, Plaintiffs Request Transfer of the Related Actions to the Southern District of Illinois

Should the Panel find that transfer to the Northern District of California for coordination and consolidation of the pretrial proceedings is not warranted, Plaintiffs alternatively and respectfully request that these actions be consolidated to the Southern District of Illinois before Chief Judge Rosenstengel.

The Southern District of Illinois is not overtaxed with MDL cases because there are no MDL cases pending before the Southern District of Illinois as of this filing. However, the Southern District of Illinois recently oversaw and completed the multidistrict litigation for *In re: MCI Non-Subscriber Telephone Rates* (MDL-1275); *In re: Profiler Prods. Liab. Litig.* (MDL-1748); and *In re: Yasmin and Yaz (drospirenone) Mktg, Sales Practices and Relevant Prods. Liab. Litig.* (MDL-2100). The Southern District of Illinois has a staff and Clerk's Office that is well equipped and experienced to provide the necessary support services to manage this litigation.

Chief Judge Rosenstengel is amply qualified to manage this multidistrict litigation. After serving as a law clerk for the Hon. G. Patrick Murphy, U.S. District Court, Southern District of Illinois from 1998 through 2009 and then as clerk of the U.S. District Court, Southern District of

Illinois from 2009 through 2014, Chief Judge Rosenstengel was appointed to the Southern District of Illinois in 2014 and elevated to Chief Judge in 2019. Chief Judge Rosenstengel's confirmation was historic as no woman had ever served as an Article III federal judge in the Southern District of Illinois prior to her confirmation.

Chief Judge Rosenstengel recently and successfully presided over mass tort products liability litigation involving pharmaceutical claims. *In Re: Depakote: Alexander v. Abbott Laboratories, Inc.*, No. 12-CV-52-NJR-SCW, 2016 WL 7710851(S.D. IL Sep. 30, 2016). Similar to the Northern District of California, almost half of the related actions listed in the Schedule of Actions have been filed in the Southern District of Illinois, all coordinated before Chief Judge Rosenstengel.

The Southern District of Illinois is centrally located to the parties, located near the geographical center of the United States. The Southern District of Illinois Courthouse in East St. Louis, IL is conveniently located near many hotels, mass transit, and is approximately fifteen (15) miles from St. Louis Lambert International Airport ("STL"). STL is one of the largest airports in the United States, servicing nearly 8 million passengers in 2019. The central location of the courthouse makes it convenient for all parties, litigants, attorneys, and witnesses to easily fly in and out of St. Louis. Additionally, the Southern District of Illinois is home to a sprawling agricultural industry, which industry uses paraquat the most. According to the 2012 USDA Census of Agriculture, there are more than 24,800 farms covering more than 7.35 acres within the Southern District of Illinois.[1]

---

[1] https://www.agcensus.usda.gov/Publications/2012/Online_Resources/County_Profiles/Illinois/

Therefore, should the Panel find that the Northern District of California is not warranted, Plaintiffs respectfully request that these actions be consolidated in the Southern District of Illinois before Chief Judge Rosenstengel.

### III.     CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Panel transfer the above-mentioned actions and all subsequent tag-along cases for the coordinated and consolidated pretrial proceedings before the Northern District of California and assign the matter to Judge Chen. In the alternative, Plaintiffs respectfully request that the Panel transfer the above-mentioned actions and all subsequent tag-along cases for the coordinated and consolidated pretrial proceedings before the Southern District of Illinois and assign the matter to Chief Judge Rosenstengel.

**Dated this 14th Day of April, 2021**              **Respectfully Submitted,**

*/s/ Aimee H. Wagstaff*
**ANDRUS WAGSTAFF, P.C.**
Aimee H. Wagstaff, CO. Bar No. 36819
David J. Wool, CO. Bar No. 44614
7171 W. Alaska Drive
Lakewood, CO 80226
Tel: (303) 376-6360
aimee.wagstaff@andruswagstaff.com
david.wool@andruswagstaff.com

*Andrus Wagstaff, P.C. is counsel of record for Plaintiffs Russell Denes (3:21-cv-02416; N.D. Cal.-LB), Paul Majors (3:21-cv-02494; N.D. Cal.-KAW), and Stephen Durbin (3:21-cv-00293; S.D. Ill-NJR)*