BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION | ) ) | MDL Docket No. 3004 |

PLAINTIFF ROBIN ADAM'S INTERESTED PARTY RESPONSE TO
PLAINTIFFS PAUL RAKOCZY'S
MOTION FOR TRANSFER UNDER 28 U.S.C. § 1407

INTRODUCTION

Under Rule 7.2(c), Plaintiff Robin Adams, Case No. 2:21c29 MTS (E.D. Mo.), agrees that transfer and consolidation under 28 U.S.C. § 1407 is appropriate, but submits that the Eastern District of Missouri is the most appropriate venue to navigate this MDL. For the reasons stated herein, Plaintiff Adams respectfully requests that the Panel transfer all related actions against defendants Syngenta Crop Protection, LLC, Syngenta AG, and Chevron to the Eastern District of Missouri.

BACKGROUND

The central issue in this litigation is whether exposure to Defendants' paraquat-based herbicides cause Parkinson's disease. Defendants' paraquat-products are classified as Restricted Use Pesticides by the U.S. EPA; meaning one must be a certified applicator to apply the products. These products can only be applied in an agricultural setting; no residential uses are allowed. And, because the most widespread crops on which paraquat is applied are soybeans and corn, the vast majority of plaintiffs will be current or retired farmers and pesticide applicators in the Midwest.

1

**ARGUMENT**

I. **Transfer and Consolidation Should Be Granted.**

There are now at least 26 civil actions currently pending in more than 10 judicial districts that all allege Defendants' paraquat products cause Parkinson's Disease. The number of cases is growing weekly, as is the number of judicial districts in which these cases are filed. Neither coordination across a growing number of judicial districts nor transfer by another procedural vehicle is likely to achieve the economies to the court system and the parties that can be achieved by consolidation and transfer under 28 U.S.C. § 1407(a). Transfer and consolidation would eliminate duplication in discovery and discovery rulings, avoid conflicting rulings on the merits, avoid conflicting schedules, reduce litigation costs, and save the time and effort of the parties, the attorneys, the witnesses, and the courts. *See Manual for Complex Litigation,* § 20.131 (4th ed. 2004). Other cases involving toxic chemicals have justified MDL treatment on prior occasions. *See, e.g., In re Roundup Prods Liab. Litig.*, MDL 2741; *In re E.I. DuPont DeNemours and Co. C-8 Pers. Injury Litig.*, MDL No. 2433. The same reasons justify MDL treatment here.

Consolidation is necessary to prevent inconsistent rulings on many central issues, which would present significant problems due to the substantial consistency in factual and legal allegations among all actions. *See In re LLRice 601 Contamination Litig.*, 466 F. Supp. 2d 1351, 1352 (J.P.M.L. 2006). Plaintiff Adams submits that the motion for consolidation and transfer (Doc. #1) makes a compelling case to invoke § 1407(a).

## II. The Eastern District of Missouri Is the Most Appropriate Transferee Forum.

The Eastern District of Missouri is home to the first-filed and most advanced paraquat case in the country. *Holyfield v. Chevron U.S.A., et al.*, Case No. 20SO-CV00885, filed on July 22, 2020. The Eastern District of Missouri also has specific expertise in handling large-scale agricultural torts. *See, e.g.*, *In re Dicamba Herbicide Litigation*, MDL 2820; *In re LLRice 601 Contamination Litig.*, 466 F. Supp. 2d 1351, 1352 (J.P.M.L. 2006). Given its location in the heart of the corn belt where Paraquat is applied, the Eastern District of Missouri is the most logical venue in which to consolidate the growing number of cases in this agricultural tort. Moreover, it is an equally convenient location to the plaintiffs and defendants in this litigation.



Paraquat is a weed killer used on row crops, most significantly on corn, soybeans, milo, and wheat. As shown in the map above, Missouri is in the heart of corn and soybean

country where Paraquat is used. These facts make Missouri a center of gravity for the litigation. *In re Fresh & Process Potatoes Antitrust Litig.*, MDL 2186, 744 F. Supp. 2d 1381 (JPML 2010) (transferring cases to jurisdiction "where much of the domestic potato industry is based"); *In re Griseofulvin Antitrust Litig.*, 395 F. Supp. 1402, 1403 (J.P.M.L. 1975) (transferring to district that encompassed "the focal point of this litigation").

Most importantly, the Eastern District of Missouri has a very specific track record in handling large agricultural torts like this one. Most recently, Judge Stephen Limbaugh Jr. of the Eastern District of Missouri was appointed to oversee *In re Dicamba Herbicides Litigation*, MDL 2820, which recently concluded by settlement after the first bellwether trial. That litigation involved property damage claims related to a pesticide that volatized and caused off-target damage to neighboring crops. While involving different injuries (personal injury vs. property damage), the *Dicamba* MDL involved many similar issues that, at the very least, provide a helpful background to the issues likely to arise in the Paraquat litigation. Judge Limbaugh oversaw an efficient litigation schedule that led to a prompt bellwether trial followed by a settlement of all claims. The *Dicamba* MDL was concluded in 3 years.[1]

Prior to *Dicamba*, the Eastern District was home to the *In re LLRice 601 Contamination Litigation*, MDL 1811. That MDL included thousands of individual agricultural tort claims

---

[1] This Panel granted the request for transfer and consolidation in February 2018 and a settlement agreement was executed in December 2020.

arising out of an unauthorized strain of genetically modified rice that damaged U.S. exports of rice, and thus the price of domestic rice. After three bellwether trials, the parties agreed to a global settlement of all claims in the MDL.

Additionally, the Eastern District of Missouri has the capacity for this MDL. Only three MDLs are active in this District: *In re Dicamba*, which has been resolved and is administratively in the settlement process; *In re Emerson Electric Co. Wet/Dry Vac Mktg. and Sales Prac. Litig.*, MDL 2382, with nine cases pending before Judge Autrey; and *In re NuvaRing Prods Liab. Litig.*, MDL 1964, which has all but resolved (according to JPML statistics, only one of over 2,000 cases remain pending before Chief Judge Sippel). The District has the capacity.

Lastly, by the time and MDL can be formed and cases consolidated, the first-filed *Holyfield* case will have been on file for nearly a year. Recently, Judge Ross issued an Order after extensive motion to dismiss briefing based on FIFRA preemption (Doc. 72).

With Judge Ross's experience in *Holyfield*, Judge Limbaugh's experience in *Dicamba*, and Judge Perry's experience in *LLRice*, the Eastern District of Missouri has at least 3 very qualified judges that would all be qualified and well-equipped to handle this MDL.

Other Plaintiffs have argued for California, a state that is thousands of miles from the heart of agricultural country. No District can match the combination of specific experience in agricultural litigation, geographic centrality to the heart of the subject matter of the litigation, and capacity to be assigned a new MDL. For these reasons, and, as shown on

the map above, for the clear optics of the center of gravity, selecting a venue seated amongst the states most effected by Paraquat's alleged effects is the most efficient choice.

## Conclusion

Together, these factors support transfer and consolidation to the Eastern District of Missouri.

Dated: April 16, 2021		Respectfully submitted,

/s/ Richard M. Paul III
Richard M. Paul III (E.D. Mo. #44233MO)
Ashlea Schwarz (Mo. 60102)
Paul LLP
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Phone: 816-984-8100
Rick@PaulLLP.com
Ashlea@PaulLLP.com