**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

---

IN RE: PARAQUAT PRODUCTS                       MDL No. 3004
LIABILITY LITIGATION

---

**RESPONSE TO MOTION TO TRANSFER**
**BY PLAINTIFF ALBERTUS BARBER IN SUPPORT OF TRANSFERRING THE ACTIONS TO THE SOUTHERN DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. §1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

COMES NOW Plaintiff Albertus Barber, pursuant to 28 U.S.C. §1407 and Rule 6.2 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, to respectfully respond to movants' motion for transfer (Doc. 1, the "Motion"). Plaintiff supports the motion that the related actions and tag-along actions should be centralized in an MDL for pretrial proceedings. All of the cases identified in the Schedule of Action filed with the Motion involve substantially similar questions of law and fact, all against the same Defendants, Chevron U.S.A., Inc., Syngenta Crop Protection LLC., and Syngenta AG. However, Plaintiff urges that the actions be consolidated in the ***Southern District of Illinois*** before ***Chief Judge Nancy J. Rosentengel.***

Plaintiff Albertus Barber's action, *Barber v. Syngenta Crop Protection LLC, et al.*, 3:21-cv-00402-NJR, is pending in the Southern District of Illinois before Chief Judge Rosentengel along with numerous other cases related to exposure to Paraquat against these defendants. In fact, on March 26, 2021, Chief Judge Rosentengel signed Administrative Order No. 289 which ordered that any newly filed actions in the Court related to exposure to Paraquat shall be assigned to her. The Southern District of Illinois is the most appropriate transferee forum because: (1) the Southern District of Illinois has the resources to efficiently manage this case; and (2) Judge Rosentengel is a dedicated, well respected jurist with considerable experience handling complex

cases including: *In Re Syngenta Mass Action* and *In Re Depakote* and (3) the Judge has a substantial number of paraquat cases on her docket that are already in the process of progressing to trial.

## I.   BACKGROUND

The Plaintiff has an action alleging injury, specifically Parkinson's disease, caused by exposure to the herbicide manufactured, sold and/or distributed by Defendants, Chevron U.S.A. Inc., Syngenta Crop Protection LLC, and Syngenta AG. The undersigned law firms represent the Plaintiff who was diagnosed with Parkinson's disease after repeated and/or long-term exposure to Paraquat. Plaintiff Albertus Barber was repeatedly exposed to and inhaled, ingested, or absorbed Paraquat during the course of his work. Defendants knew or should have known of the risk of neurological injuries to persons who were exposed to Paraquat.

## II.   ARGUMENT

Transfer under 28 U.S.C. §1407 to the Southern District of Illinois is the most appropriate in these related actions. Transfer is appropriate when civil actions involving one or more common questions of fact are pending in different districts, when transfer and coordination will promote the just and efficient conduct of the actions and when it serves the convenience of the parties and witnesses. 28 U.S.C. §1407(a). Section 1407 moves to promote efficiency and consistency. *See Illinois Municipal Retirement Fund v. Citigroup, Inc.,* 391 F3d. 844, 852 (7th Cir. 2004). These requirements are met in this case.

The related actions share common questions arising out of allegations that plaintiffs suffer the same injury – Parkinson's Disease – as a result of exposure to Paraquat. The Defendants are the same, Syngenta Crop Protection, LLC, Syngenta AG and Chevron U.S.A.

The Southern District of Illinois has a staff and Clerk's Office that is well equipped and experienced to provide the necessary support services to manage this litigation. This Panel has consolidated previous litigations in the Southern District of Illinois, including *In re Pradaxa*

*(Dabigratan Etexilate) Prods. Liab. Litig.,* 883 F. Supp. 2d 1355 (J.P.M.L. 2012), and *In re Profiler Prods. Liab. Litig.,* 429 F. Supp. 2d 1381 (J.P.M.L. 2009). Chief Judge Rosentengel is amply qualified to manage this multidistrict litigation as she has overseen complex mass actions involving plaintiffs from across the nation, including: *In re Depakote,* No. 12 CV-52-NJR-SCW and *In re Syngenta Actions, Poletti et al., v. Syngenta AG et al.,* No. 3:15-cv-01221-DRH. Also, many of the related actions listed in the Schedule of Actions have been filed in the Southern District of Illinois, all coordinated before Chief Judge Rosentengel.  More, like this matter, have been filed since.

The Southern District of Illinois understands the importance of coordination efforts between various state and federal consolidated litigation in order to promote the just and efficient conduct of the litigation.  Given the district's experience and the efficiency with which it handles mass litigation, the Southern District of Illinois is the most appropriate venue to transfer the Related Actions. The district "possesses the necessary resources, facilities, and technology to sure-handedly devote the substantial time and effort to pretrial matters that this complex docket is likely to require."  *In re Baycol Prod. Liab. Litig.,* 180 F. Supp. 2d 1378, 1389 (J.P.M.L. 2001).

Much like all modern potential MDL cases, the parties and attorneys in the filed matters are spread across the United States. The Southern District of Illinois presents a centrally located venue that is easily accessible from either the West Coast (where Defendant Chevron is located) or East Coast (where Defendant Syngenta Crop Protection is located).  Likewise, the physical location of documents is all but irrelevant given that the production will occur almost exclusively through electronic medium accessible anywhere.

Consolidation in the Southern District of Illinois before Judge Rosentengel is appropriate and warranted.

### III. CONCLUSION

For the reasons discussed above and in other counsel's briefing, Plaintiff respectfully requests that the Panel transfer the mentioned actions and any later tag-along cases for the coordinated and consolidated proceedings before the Southern District of Illinois and assign the matter to Chief Judge Rosentengel.


Dated: April 22, 2021

Respectfully submitted,

NAPOLI SHKOLNIK, PLLC

*/s/ Christopher L. Schnieders*_____
Christopher L. Schnieders   IL #6290700
6731 W. 121st Street, Suite 201
Overland Park, KS 66209
Telephone: 913-246-3860
Fax: 913-312-5841
cschnieders@napolilaw.com

*/s/ Mark R. Niemeyer*_____
Mark R. Niemeyer   IL #6295647
Michael S. Kruse     IL #6288321
211 N. Broadway, Suite 2950
St. Louis, MO  63102
314-241-1919 phone
314-665-3017 fax
niemeyer@ngklawfirm.com
kruse@ngklawfirm.com