**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION | MDL No. 3004 |

**PLAINTIFF JOHN R. NUNNERY, JR.'S INTERESTED PARTY RESPONSE TO PLAINTIFF PAUL RAKOCZY'S MOTION FOR TRANSFER UNDER 28 U.S.C. §1407**

Under Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Plaintiff John R. Nunnery, Jr. (N.D. Miss. Case No. 4:21-cv-00047) submits this Interested Party Response to Plaintiff Paul Rakoczy's Motion for Transfer.

For the reasons stated in the Motion for Transfer and in Interested Party Responses filed already with the JPML, Plaintiff agrees that transfer and consolidation is warranted in this case.

Plaintiff, however, respectfully requests that the JPML transfer all related actions against the Syngenta and Chevron Defendants to the Northern District of Mississippi. Alternatively, Plaintiff respectfully requests that the JPML transfer all related actions to the Northern District of California.

**FACTUAL BACKGROUND**

Plaintiffs in this litigation argue that their exposure to products containing the chemical paraquat caused them to develop Parkinson's disease. The Syngenta and Chevron Defendants marketed and sold these products in the United States beginning in 1962 for agricultural use. Since then, hundreds of thousands of individuals have been exposed to paraquat products manufactured by Defendants and have developed Parkinson's disease, a debilitating and deadly disease.

**ARGUMENT**

**I.     Consolidation of Related Actions into a Multidistrict Litigation is Warranted.**

As an initial matter, Plaintiff respectfully submits that consolidation and transfer of all related actions, pursuant to 28 U.S.C. § 1407(a), is warranted and necessary. There are numerous civil actions pending in judicial districts throughout the country alleging that exposure to the Defendants' paraquat products caused the respective Plaintiffs to develop Parkinson's disease. It is anticipated that over the coming weeks and months, the number of pending cases will grow considerably. Thus, these actions are ripe for transfer and consolidation. Transfer and consolidation of these actions filed by multiple parties for pretrial discovery would prevent inconsistent rulings, eliminate duplicative discovery, save litigants' time and money, promote judicial economy, and allow for the parties to advance their claims and defenses in an efficient manner.

**II.    The Northern District of Mississippi is an Appropriate Forum for this MDL.**

The State of Mississippi contains 34,700 farms covering 10.4 million acres of land.[1] In fact, agriculture is Mississippi's largest industry, employing almost one-fifth of the state's workforce.[2] The Northern District of Mississippi covers the northern half of the State of Mississippi and encompasses the Mississippi Delta, a large farming region located in the old floodplain of the Mississippi and Yazoo rivers. Given Mississippi's substantial agricultural presence, paraquat-based herbicides have been used for decades and in large quantities in this part of the country.[3] It is reasonable to assume that a considerable percentage of the plaintiffs in

---

[1]     Mississippi Department of Agriculture and Commerce, available at: https://www.mdac.ms.gov/agency-info/mississippi-agriculture-snapshot/.
[2]     *Id.*
[3]     *See* Mississippi State University Extension, "New Paraquat Handling and Use Regulations," available at http://extension.msstate.edu/publications/new-paraquat-handling-and-use-regulations ("Paraquat is essential for weed control in Mississippi agriculture…").

this prospective Multi-district litigation will be Mississippi residents or will have been exposed to paraquat through farming in this part of the country, or both.

Plaintiff's case in the Northern District of Mississippi is assigned to Judge Debra Brown, who was unanimously confirmed by the Senate and has served as a District Judge since 2013. Prior to taking the bench, Judge Brown was engaged in private practice focused on complex civil litigation, and has acquired the substantive expertise necessary to preside over litigation with numerous parties, voluminous discovery, and challenging legal issues. However, any one of the District Court judges in the Northern District of Mississippi would be capable of ably advancing this litigation.

Critically, the Northern District of Mississippi has the capacity to manage an MDL of this complexity with economy and efficiency. With three district judges, two senior district judges, three magistrate judges, and a well-equipped and efficient Clerk's office, the Northern District can manage the challenges of an MDL. The Clerk of Court is a former U.S. Marshal who runs an extremely efficient operation, and his office is ideally situated to handle the complexities of an MDL. Currently, there are no other MDLs in the Northern District of Mississippi, and the Court's pending caseload is significantly lower than the other district courts that have been suggested as transferee courts for this prospective MDL. With one of the lowest pending actions per judgeship in the country (ranked 87 out of 94 district courts),[4] the Northern District's judges and clerks have the resources to manage an MDL with a large volume of cases. In comparison, the jurisdictions that other plaintiffs have recommended to the JPML for transfer and

---

[4] U.S. District Court – Judicial Profile Form (Mississippi Northern), available at: https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2020.pdf .

consolidation of these actions have considerably more cases per judge and other MDLs already pending that will consume judicial resources.

The Northern District is a convenient forum for this MDL. Judge Brown's courthouse in Greenville is only a short drive from Greenville Mid-Delta Airport and, at her discretion, she is available to sit in Oxford, Mississippi (an easy drive from the airport in Memphis, Tennessee). Importantly, given the Court's experience conducting remote hearings over the past year, the physical location of a courthouse is much less of a factor in determining the convenience of a forum than it has been in years past.

Finally, it should be noted that Plaintiff's pending action in the Northern District of Mississippi has the largest number of Defendants who have been served with process: Syngenta Corporation, Syngenta Crop Protection LLC, Chevron Corporation, Phillips 66, Chevron USA, Inc., Phillips 66 Company, Chevron Phillips Chemical Company LLC, and Chevron Phillips Chemical Company LP.[5] No other pending case in any Court has all of these Defendants named as parties.

For these reasons, Plaintiff requests that all related actions involving paraquat products manufactured by the Syngenta and Chevron Defendants be transferred to the Northern District of Mississippi.

### III. In the Alternative, the Northern District of California Would Be Appropriate for Transfer.

Alternatively, for the reasons stated in the Motion to Transfer and especially because of the Chevron Defendants' headquarters in the State of California, in the event the Court decides

---

[5] Plaintiff also named Syngenta AG and Syngenta Crop Protection AG. These entities have not been served yet as they are foreign companies that require service under the Hague Convention.

not to transfer and consolidate all actions in the Northern District of Mississippi Plaintiff would then request the Court transfer and consolidate all related actions in the Northern District of California.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court transfer all related actions to the Northern District of Mississippi or, in the alternative, the Northern District of California.

Dated:        April 29, 2021            Respectfully submitted,


*/s/ Stuart H. McCluer*
Stuart H. McCluer (MS Bar No. 101366)
R. Bryant McCulley (S.C. Bar No. 103593)
**MCCULLEY MCCLUER LLC**
P.O. Box 2294
Oxford, MS 38655
Main: (843) 444-5404
Fax: (843) 444-5408
smccluer@mcculleymccluer.com
bmcculley@mcculleymccluer.com

Michelle A. Parfitt (DC Bar No. 358592)
James F. Green (DC Bar No. 214965)
Drew LaFramboise (DC Bar No. 1018140)
Patrick K. Lyons (DC Bar No. 1034531)
**ASHCRAFT & GEREL, LLP**
1825 K Street NW, Suite 700
Washington, DC 20006
Main: (202) 783-6400
Fax: (703) 933-2491
mparfitt@ashcraftlaw.com
jgreen@ashcraftlaw.com
dlaframboise@ashcraftlaw.com
plyons@ashcraftlaw.com

*Attorneys for Plaintiff John R. Nunnery, Jr.*