BEFORE THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: PARAQUAT<br>PRODUCTS LIABILITY<br>LITIGATION | §<br>§<br>§ | MDL NO. 3004 |

**PLAINTIFF ROY WARD'S RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. § 1407 and the Judicial Panel on Multidistrict Litigation ("JPML," or "Panel") Rule 6.1(c), Plaintiff Roy Ward ("Plaintiff") respectfully files this Response in Support of the motion of Plaintiff (or, "Movant") Paul Rakoczy[1] to transfer the actions identified in the Schedule of Actions, as well as subsequently filed cases also arising from exposure to paraquat causing the development of Parkinson's Disease, to the United States District Court for the Northern District of California for pretrial proceedings before the Honorable Edward Chen.

There is sufficient commonality to allow for consolidation. Each Schedule of Actions filed in MDL 3004 are plaintiffs suffering from Parkinson's Disease as a result of paraquat exposure, and all name Syngenta Crop Protection, LLC, Syngenta AG (collectively "Syngenta"), and Chevron U.S.A. ("Chevron") as defendants. Moreover, each of the cases allege Syngenta and Chevron's wrongful actions resulted in the paraquat exposure leading to the development of Parkinson's Disease.

Each of these actions make the same allegations against the same defendants, these matters involve common questions of law and fact and substantially similar legal claims and requested relief. Therefore, formation of a multi-district litigation is appropriate. This would allow the

---

[1] *Rakoczy v. Syngenta Crop Protection LLC, et al.*, No. 4:21-cv-02083-EMC (N.D. Cal.).

1

related actions, as well as any future tag-along actions which all arise out of the same or similar facts and allegations, to avoid duplication of discovery as each case involves substantially similar discovery involving many of the same documents and witnesses. Pursuant to 28 U.S.C. § 1407, early centralization for pretrial proceedings will not only promote efficiency but will further eliminate the threat of inconsistent pretrial rulings.

Transfer of the consolidated litigation to the Northern District of California's San Francisco Division promotes judicial economy. The Northern District of California's San Francisco Division is conveniently located only forty miles from Defendant Chevron U.S.A.'s headquarters in San Ramon,[2] providing easy access to documents and witnesses. *See In re: Lumber Liquidators Chinese-Manufactured Flooring Products Mktg., Sales Practices & Products Liab. Litig.*, 109 F. Supp. 3d 1382, 1383 (J.P.M.L. 2015); *In re: Air Crash at San Francisco, Cal.*, 987 F. Supp. 2d 1378, 1379 (J.P.M.L. 2013). Additionally, as there is a consolidated state court action already present in California, sending this litigation to the Northern District of California's San Francisco Division would allow for coordination with the state court litigation as well. *See id.* (considering ease of coordination with similar proceedings involving the same defendant). Finally, consolidation before Judge Chen would promote judicial economy given he has the oldest case in the Northern District of California and has already started familiarization of himself with this litigation.

In the alternative, consolidation in the Southern District of Illinois would be a proper as there is a state consolidation present and this would ease coordination with the federal consolidation. Moreover, Illinois is a central location with a major airport to allow ease of

---

[2] *See, e.g.,* Original Complaint, ¶ 7, *Rakoczy v. Syngenta Crop Protection LLC, et al.*, No. 4:21-cv-02083-EMC (N.D. Cal. March 25, 2021) (Chevron's principal place of business is in San Ramon, California).

transportation for all parties.

Wherefore, Plaintiff Roy Ward respectfully requests that the Panel transfer the *In Re: Paraquat Products Liability Litigation* actions for coordinated and consolidated pretrial proceedings before the Northern District of California, or in the alternative to the Southern District of Illinois.

Respectfully Submitted,

Dated: April 29, 2021

/s/ Riley L. Burnett, Jr.
Riley L. Burnett, Jr.
Karen H. Beyea-Schroeder
**BURNETT LAW FIRM**
3737 Buffalo Speedway, 18th Floor
Houston, Texas  77098
Tel: (832) 413-4410
Fax: (832) 900-2120
Karen.Schroeder@RBurnettLaw.com
RBurnett@RBurnettLaw.com

*Counsel for Plaintiff*