BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: PARAQUAT PRODUCTS LIABILITY LITIGATION | MDL No. 3004 |

RESPONSE TO MOVANT PAUL RAKOCZY'S MOTION FOR TRANSFER UNDER 28 U.S.C. § 1407

Pursuant to 28 U.S.C. § 1407 and Judicial Panel on Multidistrict Litigation Rule 6.2(e), Plaintiffs Billy Elmore (0:21-cv-01061; D. Minn.), Brian Supenia (0:21-cv-01062; D. Minn.), David Gamwell (0:21-cv-01063; D. Minn.), Mary Trower (0:21-cv-01064; D. Minn.), Matthew McDonald (0:21-cv-01065; D. Minn.), Paul Kirk (0:21-cv-01066; D. Minn.), Robert Richmond (0:21-cv-01067; D. Minn.), and William McDonald (0:21-cv-01068; D. Minn.), agree and support that portion of Movant's motion seeking to consolidate numerous related actions, but requests that these related actions be transferred to and consolidated in the District of Minnesota.

BACKGROUND

This litigation revolves around Defendants' paraquat-based herbicide products and whether exposure to those highly toxic products causes Parkinson's and/or renal disease. Because the products at issue are classified as Restricted Use Pesticides by the United States Environmental Protection Agency, only certified applicators may apply the products and the products can only be applied in an agricultural setting. Residential uses are not generally allowed for Defendants' paraquat products. As the Defendants' paraquat products are most widely used on soybeans and corn, the majority of plaintiffs in this multidistrict litigation are likely to be current or retired farmers and pesticide applicators located in the Midwest.  Defendants engaged in conduct that put their own consumers at risk of significant physical harm.  The Related

Actions thus reflect common questions of fact and law such that transfer and consolidation are warranted.

The efficient management of these Related Actions would be best served by transfer and consolidation in the United States District Court for the District of Minnesota. The District of Minnesota provides the most appropriate transferee forum for pre-trial purposes in that: (1) it is home to a significant portion of one of the Defendants' operations; (2) is centrally located for ease of all counsel and parties should regular traveling resume – and conversely should travel not resume to its regular levels the District of Minnesota is adept at the use of technology to continue proceedings remotely; and most importantly the District of Minnesota has a large number of experienced jurists and staff that are well-equipped to handle a matter of this magnitude.

## ARGUMENT

### I. The Panel Should Consolidate the Related Actions.

Under 28 U.S.C. § 1407, when actions "involving one or more common questions of fact are pending in different districts," the Panel may transfer the cases to a single district for consolidated pretrial proceedings. 28 U.S.C. § 1407(a). The Panel "shall" order transfer and consolidation when it determines that a transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *Id*. Each of these criteria is easily satisfied here.

### A. The related actions involve common questions of fact and law.

All the related actions allege that Defendants' paraquat products cause Parkinson's and/or renal disease. Where products liability litigation involves common questions of fact, this Panel has found that consolidation is "necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings . . . and conserve the resources of the parties, their counsel and the

judiciary." *In re LLRice 601 Contamination Litig.,* 466 F. Supp. 2d 1351, 1352 (J.P.M.L. 2006). Here, the related actions present common factual and legal issues and their resolution will have ramifications that are nationwide in scope and effect. The Panel has previously centralized other toxic chemical litigations for these same reasons. *E.g., In re Roundup Prods Liab. Litig.,* MDL 2741; *In re E.I. DuPont DeNemours and Co. C-8 Pers. Injury Litig.,* MDL No. 2433.

### B. Consolidation is necessary to preserve judicial resources and avoid inconsistent rulings.

Transfer and coordination would preserve judicial resources and promote efficiency. It would be a waste of judicial resources to have multiple judges address the same factual and legal issues simultaneously. It would be equally wasteful to have the parties and their counsel litigating the same issues in multiple forums. The Panel has found that the convenience requirement is met when transfer and consolidation or coordination prevent duplicative discovery and inconsistent pretrial rulings. *See In re Commodity Exchange, Inc., Gold Futures & Options Trading Litig.*, 38 F. Supp. 3d 1394, 1395 (J.P.M.L. 2014) ("Centralization will eliminate duplicative discovery …prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary."). The same reasons justify transfer and consolidation of the related actions here. Moreover, the Panel has repeatedly found similar cases appropriate for consolidation. *See, e.g., In re Roundup Prods Liab. Litig.,* MDL 2741; *In re 3M Combat Arms Earplug Prods. Liab. Litig.,* MDL 2885.

## II. The Related Actions Should Be Transferred to the District of Minnesota.

### A. The District of Minnesota is most convenient for the parties and witnesses.

The District of Minnesota is best suited to oversee this MDL. Paraquat is an herbicide that is used on crops, and primarily on corn, soybeans, milo, and wheat. Minnesota is a central location in the middle of the region where Paraquat is most widely applied to crops. Minnesota has a

significant nexus to this litigation because it is a location where relevant witnesses and documents are likely to be located. This nexus weighs substantially in favor of transfer to Minnesota. *See e.g.*, *In re Delphi Corp. Sec., Derivative & "Erisa" Litig.*, 403 F. Supp. 2d 1358, 1360 (J.P.M.L. 2005) (selecting district with "a significant nexus to the litigation" because "[t]his district is where many relevant documents and witnesses are likely to be found."); *In re Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act Litig.*, 818 F. Supp. 2d 1377, 1378 (J.P.M.L. 2011) (selecting the district with "a nexus to the allegations given . . . relevant documents and witnesses likely will be found there."); *In re Griseofulvin Antitrust Litig.,* 395 F. Supp. 1402, 1403 (J.P.M.L. 1975) (transferring to district that encompassed "the focal point of this litigation").

### B. Extensive judicial experience

Most importantly, the District of Minnesota has extensive experience and expertise handling the issues presented by complex, multidistrict litigation, and is well-equipped to handle this action. The Panel has transferred over 45 MDLs to the District of Minnesota.[1] As the Panel has previously recognized, the District of Minnesota "possesses the necessary resources, facilities, and technology to sure-handedly devote the substantial time and effort to pretrial matters that [a] complex [MDL] docket is likely to require." *In re Baycol Prods. Liab. Litig.*, 180 F. Supp. 2d 1378, 1380 (J.P.M.L. 2001).

The District of Minnesota is located in the heart of the Midwest, where the majority of Paraquat is applied, making it the most logical venue in which to consolidate the increasing number of cases in this agricultural litigation. The District of Minnesota is acutely familiar with handling

---

[1] *Multidistrict Litigation Terminated Through September 30, 2020*, at 37-38 (available at https://www.jpml.uscourts.gov/sites/jpml/files/Cumulative%20Terminated%202020_0.pdf); *MDL Statistics Report – Distribution of Pending MDL Dockets by District*, at 3 (available at https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-January-15-2021.pdf).

4

multidistrict litigation related to agricultural issues, with two such class actions currently pending in the district. *See, e.g., In re Pork Antitrust Litig.*, No. 18-cv-01776-JRT-HB (D. Minn.); *In re DPP Beef Litig.*, No. 0:20-cv-01319-JRT-HB (D. Minn.).

The District of Minnesota's caseload would not be overburdened by the addition of this potentially sizable litigation. As of September 30, 2020, the number of pending actions per judgeship in the District of Minnesota is lower than in the Eastern District of Missouri, the Southern District of Illinois or any district in California.[2] Unlike some other districts, Minnesota has the capacity to effectively manage and efficiently facilitate this litigation.

Finally, the District of Minnesota is a convenient forum for all parties, witnesses, and their counsel. A major international airport (and hub of a major U.S carrier, Delta) serves Minneapolis. The Panel has previously found that the District of Minnesota is a geographically central location that is well-suited for nationwide litigation. *In re CenturyLink Residential Customer Billing Disputes Litig.*, 280 F. Supp. 3d 1383 (J.P.M.L. 2017) ("Minneapolis offers a central, readily accessible venue for all parties."); *In re: Target Corp. Customer Data Sec. Breach Litig.*, 11 F. Supp. 3d 1338, 1339 (J.P.M.L. 2014) ("[T]he District of Minnesota is easily accessible and relatively centrally located for the parties to this litigation, which is nationwide in scope."); *see also In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.*, 536 F. Supp. 2d at 1376.

### C.    The judges in the District of Minnesota are highly skilled and experienced

As of today there have been over 15 cases filed in the District of Minnesota. These cases have been assigned to a number of different judges – any of whom would be a good fit for this litigation. For example, Chief Judge John Tunheim has presided over several MDLs in his career

---

[2] *See* U.S. District Courts-Combined Civil and Criminal Federal Court Management Statistics (Sept. 30, 2020) (available at https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2020/09/30-1).

on the federal bench. He is currently overseeing *In re:Fluoroquinolone Prod. Liab. Litig.*, MDL-2642. In the past he has overseen *In re St. Jude Medical, Inc., Silzone Heart Valves Prod. Liab. Litig.,* MDL 1396. Each of these MDLs involved complex issues and individual injuries related to a regulated product.

Similarly, Judge Donovan Frank has overseen a number of MDLs including: *In re: Guidant Defib. Prod. Liab. Litig.,* MDL 1708 and *In re Stryker Rejuvenate and ABGII Hip Implant Prod. Liab. Litig.,* MDL 2441; both of which involved individual injuries related to a regulated product. Likewise, Judge Susan Nelson has also overseen individual injury MDLs when she presided over *In re: Nat'l Hockey League Players' Conscussion Injury Litig.,* MDL 2551 and Judge Davis oversaw the complex *In re: Baycol Prod. Liab. Litig.,* MDL 1431.

The bench at the District of Minnesota is deeply experienced – not only in MDLs with all of their unique processes and procedures – but with MDLs involving a personal injury allegedly caused by a regulated product. Any of the judges in Minnesota would be an excellent pick.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Panel transfer the related actions to a single district court for consolidated or coordinated pretrial proceedings under 28 U.S.C. § 1407. Plaintiffs specifically request that the Panel order the cases transferred to the District of Minnesota.

Dated: April 29, 2021   */s/Amanda M. Williams*
Amanda M. Williams (#341691)
**GUSTAFSON GLUEK PLLC**
120 South 6th Street, Suite 2600
Minneapolis, Minnesota 54402
Phone: 612-333-8844
awilliams@gustafsongluek.com