# BEFORE THE UNITED STATES JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

IN RE: PARAQUAT PRODUCTS ) MDL No. 3004
LIABILITY LITIGATION )

### INTERESTED PARTY RESPONSE OF PLAINTIFFS
### VIRGINIA ALTMAN, DORVIL BRANSCUM, SHEILA BRANSCUM,
### EDWARD BANKSTON, FRANKLIN DOUGLAS,
### PATRICK HALLORAN, ELLIS PRATT, AND MARY STANTON
### IN RESPONSE TO PLAINTIFF'S MOTION TO TRANSFER

On behalf of the plaintiffs listed above, who have filed suit in the Southern District of Illinois, we agree with the Movant that the swelling number of federal paraquat cases calls for an MDL. We also concur with the majority of interested parties that Chief Judge Nancy Rosenstengel is an able jurist experienced with MDLs and would do an excellent job managing a paraquat MDL, particularly as the Southern District of Illinois has no pending MDLs.

The Southern District of Illinois is also ideal for three more reasons.

***Center of gravity.*** This Panel often looks for the "center of gravity" of the litigation. *In re Soc'y Ins. Co. Covid-19 Bus. Interruption Prot. Ins. Litig.*, 492 F. Supp. 3d 1359 (J.P.M.L. 2020). Here, that center is in the Southern District of Illinois, where 19 paraquat cases are pending. By court order, all will be handled by Chief Judge Rosenstengel. By contrast, the Northern District of California has 14 cases. The District of Minnesota comes in third with nine cases. The plurality is in the Southern District of Illinois.

***Federal-state coordination.*** The Panel also works to locate MDLs "to facilitate coordination" with important "state action[s]." *In re HSBC Bank USA, N.A.*,

949 F. Supp. 2d 1358, 1359 (J.P.M.L. 2013). Here, the most-advanced case in the Country is pending in state court in southern Illinois: *Hoffman v. Syngenta Crop Prot., LLC, et al.*, No. 17-L-0517 (St. Clair Cty.). The following statistics show *Hoffman*'s maturity and vast importance:

- ✓ First major paraquat case in the United States
- ✓ Nine years of preparation
- ✓ 155,000 hours recorded by plaintiff's firm
- ✓ 7.28 million documents
- ✓ 59.2 million pages of documents
- ✓ 89 depositions
- ✓ 20 days of corporate-designee depositions
- ✓ 17 plaintiff experts; 16 defense experts
- ✓ Summary judgment decided
- ☐ Trial in May 2021

Indeed, so foundational is *Hoffman* that the parties in the coordinated state-court paraquat cases in California stipulated to piggybacking on discovery in *Hoffman*.

***Convenience.*** The Southern District of Illinois is also the most convenient forum nationally, not only because St. Louis is a major travel hub in the heart of the Nation, but because of the nearby location of *Hoffman*. *Hoffman* is pending in the St. Clair County courthouse, just twenty minutes from the courthouse for the Southern District of Illinois. And both courthouses, in turn, are just a short driving distance from Lambert International Airport in St. Louis.

BACKGROUND

Plaintiffs have brought federal civil actions in the Southern District of Illinois alleging that they developed Parkinson's Disease because they were exposed to, or used, paraquat. Paraquat is a herbicide manufactured, sold, and/or distributed by Syngenta Crop Protection LLC, Syngenta AG, and Chevron U.S.A., Inc.

Illinois is in the heart of the country where paraquat is used. As the table below shows, Illinois is one of the top five paraquat states nationally. Of the states proposed to host the MDL, California is the leader; but Illinois is one of three states that essentially tie for third:

| **Paraquat Usage (in kg.) \| 2013-17** | | |
|---|---|---|
| Rank | State | High Estimate (in kg.) |
| 1 | Texas | 3,034,204 |
| 2 | California | 2,338,279 |
| 3 | North Carolina | 1,643,089 |
| 4 | Kansas | 1,610,834 |
| **5** | **Illinois** | **1,600,215** |
| 6 | Arkansas | 1,439,989 |
| 7 | Mississippi | 1,303,672 |
| 8 | Georgia | 1,111,560 |
| 9 | Nebraska | 1,083,563 |
| 10 | Tennessee | 976,545 |
| 11 | Missouri | 824,805 |
| 12 | Washington | 642,139 |
| 13 | Iowa | 632,578 |
| 14 | Oklahoma | 612,531 |
| 15 | Indiana | 609,241 |

*See* U.S. Geological Survey, *Estimated Annual Pesticide Use* (*available at*: https://water.usgs.gov/nawqa/pnsp/usage/maps/) (Data Tables). That said, we agree that Judge Chen, in the Northern District of California, would admirably handle this MDL.

**ARGUMENT**

We agree with the Motion for Coordinated or Consolidated Pretrial Proceedings that the related actions and any tag-along cases should be centralized in an MDL. All the cases identified in the Schedule of Actions filed with the Motion, and the related cases noticed since then, involve substantially similar questions of law and fact; and all are brought against the same defendants. Discovery in these cases will be complex and voluminous, and conducting this discovery in various district courts would be unnecessarily duplicative and, indeed, logistically infeasible. We thus agree that transfer and pretrial coordination will "promote the just and efficient conduct" of the litigation. 28 U.S.C. § 1407(a).

But the filings thus far largely overlook three more points.

**I.     The center of gravity in federal paraquat cases is in southern Illinois.**

"[A]lthough [a] litigation is nationwide in scope," this Panel nonetheless looks to find its "center of gravity." *In re Dollar Gen. Corp. Motor Oil Mktg. & Sales Practices Litig.*, 190 F. Supp. 3d 1361, 1363 (J.P.M.L. 2016). Here, that center is not merely "in the central portion of the country" (*id.*), but in the Southern District of Illinois. That District, with 19 cases, has 36% more cases than the Northern District of California (with 14) and 56% more than the District of Minnesota (with 9):



As this map shows, moreover, the Eastern District of Missouri has just four cases. "Center of gravity" considerations thus favor the Southern District of Illinois.

II.  **Transfer to the Southern District of Illinois will promote coordination with the Nation's leading case—*Hoffman*—in Illinois state court.**

This Panel has consistently prioritized coordinating federal cases with ongoing state cases, and in so doing looks for federal forums with "close proximity" to those state cases. *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 220 F. Supp. 3d 1356, 1359 (J.P.M.L. 2016). This factor powerfully favors the Southern District of Illinois, where, after 155,000 hours of investigation and preparation by the plaintiff, the leading paraquat case in the Country is set to go to trial in state court in two weeks. *See Hoffman v. Syngenta Crop Prot., LLC, et al.*, No. 17-L-0517 (St. Clair Cty.).



*Hoffman*'s origins trace back almost seventeen years, to cases brought by Korein Tillery, LLC, which represented the plaintiffs in three cases against Syngenta Crop Protection: *Holiday Shores Sanitary Dist. v. Syngenta Crop Protection, Inc.*, No. 2004-L-710 (Madison County, Ill.); *City of Greenville v. Syngenta Crop Protection, Inc.*, No. 10-CV-188-JPG-PMF (S.D. Ill.); and *Doe. v. Syngenta Crop Protection, LLC*, No. 13-L-425 (St. Clair County, Ill.).  Nine years ago, building on facts uncovered while litigating these cases, Steve Tillery of Korein Tillery began developing cases for farmers suffering from Parkinson's Disease caused by paraquat.

In 2017, Tillery filed the first major paraquat case in the United States against Syngenta and Chevron—*Hoffman*—which is set for trial on May 10, 2021.

Preparing *Hoffman* took Korein Tillery years.  It involved the work of 29 people, including three full-time biochemists and three full-time lawyer-scientists.  Discovery was exhaustive.  It involved the production of 7.28 million documents totaling 59.2 million pages, and the taking of 89 depositions (46 by plaintiffs and 43 by defendants).  Twenty days of depositions were consumed by corporate designees,

generating nearly 5,000 pages of transcripts. The parties hired 33 experts, 17 of which were disclosed by plaintiffs and 16 of which were disclosed by defendants. Just over 1.5 million documents, totaling roughly 19 million pages, from *Holiday Shores*, *Doe*, and *City of Greenville*, were reproduced during the extensive discovery in *Hoffmann*. Some of these striking facts are noted in the figure on the previous page.

No case comes close to the progress of *Hoffman*. *See* Ex. 1 (comparing progress of state and federal paraquat cases nationally). Thus, "[t]o the extent that common discovery obtained in [*Hoffman*] can be used in the federal litigation, it is far more efficient to determine the applicability of the discovery once for all" in the Southern District of Illinois than any other forum. *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 220 F. Supp. 3d at 1358.

The Southern District of Illinois can readily handle this substantial federal-state coordination task because it has no pending MDLs. By contrast, the Eastern District of Missouri has three; and the Northern District of California has the most in the Nation: 20. *See* Ex. 2 (comparing MDL loads of relevant districts). This factor, too, favors the Southern District of Illinois.

### III. Transfer and coordination with *Hoffman* will serve the convenience of parties and witnesses.

Finally, locating the MDL in the Southern District of Illinois would be most convenient, particularly as the courthouse in *Hoffman* is just minutes from the Southern District of Illinois courthouse. Moreover, traveling to the Southern District of Illinois is much more convenient and efficient than traveling to other destinations in

the United States. The courthouse is located only minutes from the Lambert International Airport in St. Louis, Missouri.

Lambert is one of the most central travel hubs in the Nation, with 250 daily departures. *See* 2020 St. Louis Air Traffic Activity Report.[1] In addition, access to Lambert is publicly available through Metrolink, St. Louis's light rail transit system. *See* St. Louis International Airport, *About Us*, available at https://www.fly-stl.com/about-us/accessibility. Metrolink conveniently stops just blocks away from the federal courthouse. Many reasonably priced hotels are nearby. The cost of lodging, food, and gas in the Southern District of Illinois is at or below the national average, and, of course, far below the cost in the Northern District of California.

## CONCLUSION

Three key factors emphasized by this Panel favor the Southern District of Illinois: the center of gravity of federal actions, coordination with the leading state-court case, and the convenience of the parties given the location of the leading state-court case. The Panel should therefore centralize all related cases in this matter, and all tag-along actions, in the Southern District of Illinois. Alternatively, as a second choice, we agree that Judge Chen in the Northern District of California would steer any forthcoming paraquat MDL on an efficient and prudent course.

---

[1] *Available at* https://www.flystl.com/uploads/documents/2020-air-traffic-activity-report/2020.12.1-YTD-FINAL.pdf (departure data before Covid-19 pandemic).

Dated: April 29, 2021

Respectfully submitted,

*/s/ Mikal C. Watts*
Mikal C. Watts
Texas State Bar No. 20981820
WATTS GUERRA LLC
5726 W. Hausman Rd, Suite 119
San Antonio, Texas 78249
Telephone: 210-447-0500
Fax: 210-448-0501
Email: mcwatts@wattsguerra.com

Attorney for the plaintiffs in these actions:

Steve Tillery
Illinois State Bar No. 2834995
Jamie Boyer
Illinois State Bar No. 6281611
Randall Ewing
Illinois State Bar No. 6294238
**Korein Tillery, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Main: 314.241.4844
Email: stillery@koreintillery.com
jboyer@koreintillery.com
rewing@koreintillery.com
**Counsel for Plaintiff Virginia Altman**
　　S.D. Illinois 3:21-cv-00424-NJR
**Counsel for Plaintiff Edward Bankston**
　　S.D. Illinois 3:21-cv-00425-NJR
**Counsel for Plaintiff Dorvil Branscum**
　　S.D. Illinois 3:21-cv-00431-NJR
**Counsel for Plaintiff Sheila Branscum**
　　S.D. Illinois 3:21-cv-00432-NJR
**Counsel for Plaintiff Franklin Douglas**
　　S.D. Illinois 3:21-cv-00426-NJR
**Counsel for Plaintiff Patrick Halloran**
　　S.D. Illinois 3:21-cv-00427-NJR
**Counsel for Plaintiff Ellis Pratt**
　　S.D. Illinois 3:21-cv-00406-NJR
**Counsel for Plaintiff Mary Stanton**
　　S.D. Illinois 3:21-cv-00428-NJR

Mikal C. Watts
Texas State Bar No. 20981820
Alicia O'Neill
Texas State Bar No. 24040801
Jennifer A. Neal
Texas State Bar No. 24089834
**WATTS GUERRA LLC**
5726 W. Hausman Rd., Ste. 119
San Antonio, TX 78249
Telephone: 866.529.9100
Fax: 210.448.0501
Email: mcwatts@wattsguerra.com
Email: aoneill@wattsguerra.com
Email: jneal@wattsguerra.com
**Counsel for Plaintiff Virginia Altman**
　　S.D. Illinois 3:21-cv-00424-NJR
**Counsel for Plaintiff Edward Bankston**
　　S.D. Illinois 3:21-cv-00425-NJR
**Counsel for Plaintiff Dorvil Branscum**
　　S.D. Illinois 3:21-cv-00431-NJR
**Counsel for Plaintiff Sheila Branscum**
　　S.D. Illinois 3:21-cv-00432-NJR
**Counsel for Plaintiff Franklin Douglas**
　　S.D. Illinois 3:21-cv-00426-NJR
**Counsel for Plaintiff Patrick Halloran**
　　S.D. Illinois 3:21-cv-00427-NJR
**Counsel for Plaintiff Ellis Pratt**
　　S.D. Illinois 3:21-cv-00406-NJR
**Counsel for Plaintiff Mary Stanton**
　　S.D. Illinois 3:21-cv-00428-NJR