**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE PARAQUAT PRODUCTS | ) | MDL No. 3004 |
| LIABILITY LITIGATION | ) | |

**INTERESTED PARTY RESPONSE BY PLAINTIFF ALLEN TIPPEY TO
MOTION TO TRANSFER ACTIONS PURSUANT TO 28 U.S.C. § 1407
FOR COORDINATED OR CONSOLIDATED PROCEEDINGS**

Plaintiff Allen Tippey (U.S. District Court for the Southern District of Illinois, 21-cv-00397), an interested party, pursuant to 28 U.S.C. §1407 and Rule 6.2 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, respectfully responds to movants' motion for transfer (Doc. 1, the "Motion"). Plaintiff supports the Motion to the extent that the related actions and tag-along actions should be centralized in an MDL for pretrial proceedings. However, Plaintiff requests that the actions be consolidated in the ***Southern District of Illinois*** before ***Chief Judge Nancy J. Rosenstengel***. Alternatively, if the proceedings are not consolidated in the Southern District of Illinois, Plaintiff requests that the proceedings be consolidated in the Northern District of California before the Honorable Edward M. Chen.

Plaintiff's action, *Allen Tippey vs. Syngenta Crop Protection LLC, Syngenta Ag, and Chevron U.S.A*, 3:21-cv-00397-NJR (S.D. Ill., East St. Louis), is pending in the Southern District of Illinois. The case is pending before Chief Judge Nancy J. Rosenstengel. Pursuant to Administrative Order No. 289 signed March 26, 2021 by Chief Judge Rosenstengel, any newly filed actions in the Southern District of Illinois pertaining to injuries allegedly arising from exposure to Paraquat Products shall be assigned to her. The Southern District of Illinois is the most appropriate transferee forum because: (1) the Southern District of Illinois has the resources to efficiently manage this case; and (2) the Judge suggested is a dedicated, well respected jurist with considerable experiencing handling complex cases including: *In Re Syngenta Mass Action* and *In re Depakote*.

If the panel should decide that transfer to the Southern District of Illinois is not warranted, Plaintiff respectfully requests that these actions be consolidated in the Northern District of California before Judge Chen. Judge Chen has managed complex litigation before and is imminently qualified to do so again.

I.  **BACKGROUND**

Plaintiff Allen Tippey was repeatedly exposed to and inhaled, ingested, or absorbed paraquat in the course of applying it to fields as a farmer/farmhand in the State of Illinois. Plaintiff was diagnosed with Parkinson's Disease in approximately 2010. Defendants knew or should have known of the risk of neurological injuries to persons who used paraquat, who were nearby while it was being used, or who entered fields or orchards where it had been sprayed, and fraudulently concealed said risk.

As movant outlined in the Motion, paraquat is a highly toxic synthetic chemical herbicide. Since 1964, paraquat has been used in the U.S. to kill broadleaf weeds and grasses before the planting or emergence of more than 100 field, fruit, vegetable, and plantation crops, to control weeds in orchards, and to desiccate (dry) plants before harvest. Paraquat injures and kills plants by creating oxidative stress that causes or contributes to cause the degeneration and death of plant cells. Paraquat injures and kills humans and other animals by creating oxidative stress that causes or contributes to cause the degeneration and death of animal cells.

Movant filed a schedule of actions with the motion to transfer (Doc. 1-2) noting fourteen related actions brought by plaintiffs suffering from Parkinson's Disease as a result of their exposures to the toxic herbicide paraquat, and all name Syngenta Crop Protection, LLC, Syngenta AG, and Chevron U.S.A. as defendants. Since then, numerous additional related actions have been filed. Plaintiff Allen Tippey agrees with the movant that the Related Actions share common issues

of fact and law. All of the actions are based on plaintiffs' claims that exposure to paraquat developed, manufactured, distributed, and sold by the same Syngenta and Chevron defendants, caused their injury of Parkinson's Disease. Consolidation is appropriate and warranted, but these interested parties suggest that the most appropriate district is the Southern District of Illinois. Of the numerous Related Actions pending, twenty are in pending in the Southern District of Illinois before Chief Judge Rosenstengel.

## II.    ARGUMENT

Transfer under 28 U.S.C. §1407 to the Southern District of Illinois is the most appropriate in these related actions. "The multidistrict litigation statute, 28 U.S.C. § 1407, was enacted as a means of conserving judicial resources in situations where multiple cases involving common questions of fact were filed in different districts." *Royster v. Food Lion (In re Food Lion)*, 73 F.3d 528, 531-32 (4th Cir. 1996). Two critical goals of Section 1407 are to promote efficiency and consistency. *See Illinois Municipal Retirement Fund v. Citigroup, Inc.,* 391 F.3d 844, 852 (7th Cir. 2004). The statute "was [also] meant to 'assure uniform and expeditious treatment in the pretrial procedures in multidistrict litigation'" and "[w]ithout it, 'conflicting pretrial discovery demands for documents and witnesses' might 'disrupt the functions of the Federal courts.'" *In re Phenylpropanolamine Prod. Liab. Litig.,* 460 F.3d 1217, 1230 (9th Cir. 2006) (quoting H.R. Rep. No. 1130, 90th Cong., 2d Sess. 1 (1968), reprinted in 1968 U.S.C.C.A.N. 1898, 1899). The alternative to appropriate transfer is "multiplied delay, confusion, conflict, inordinate expense and inefficiency." *Id.* (*quoting In re Plumbing Fixture Cases,* 298 F. Supp. 484, 495 (J.P.M.L. 1968)). There can be little dispute that each of these requirements are met in this case.

All the related actions share common factual questions arising out of allegations that plaintiffs suffered the same injury - Parkinson's Disease - as a result of exposure to paraquat. The

actions all name Syngenta Crop Protection, LLC, Syngenta AG, and Chevron U.S.A. as defendants. "Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary." *In re Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.*, 883 F. Supp. 2d 1355, 1356 (J.P.M.L. 2012). Granting this motion will also serve the convenience of the parties and witnesses and promote the just and efficient resolution of the litigation.

Assignment of the MDL to Chief Judge Nancy Rosenstengel of the Southern District of Illinois would serve the objectives of 28 U.S.C. § 1407. Coordinating all the Related Actions in the Southern District of Illinois would satisfy the most important purposes of transfer for coordinated or consolidated pretrial proceedings. *See* "Chair of Judicial Panel Sees Role as Gatekeeper," The Third Branch, (Administrative Office of the U.S. Courts), Nov. 2005. Moreover, the suggested Judge is well-suited to shepherd these cases. That advantage, coupled with the ease of access and economical accommodations close by, make the Southern District of Illinois the appropriate transferee forum for this MDL.

1. **The Southern District of Illinois's Geographically Central Location and Accessibility Commend it for a Nationwide Complex Litigation.**

The Panel should also consider whether the proposed transferee court is geographically convenient for the parties and counsel. *See In re: Sigg Switzerland (USA), Inc., Aluminum Bottles Marketing and Sales Practices Litigation*, 682 F. Supp. 2d 1347, 1349 (J.P.M.L. 2010) (considering geographic location of proposed transferee venue for nationwide class actions). The Southern District of Illinois' geographically central location and accessibility commend it for a nationwide products litigation. *See In re Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.*, 883 F. Supp. 2d 1355, 1356 (J.P.M.L. 2012); *In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices & Products Liability Litigation*, 655 F. Supp. 2d 1343 (J.P.M.L. 2009) ("[The Southern

District of Illinois] also provides a geographically central forum for this nationwide litigation in which actions are pending in various districts across the country.")

      **a.  The parties and attorneys are located across the United States.**

Defendant Syngenta AG is a foreign corporation with its principal place of business in Basel, Switzerland. Defendant Syngenta Crop Protection LLC is a Delaware company with its principal place of business in Greensboro, North Carolina. Defendant Chevron U.S.A. Inc. is a Pennsylvania corporation with its principal place of business in San Ramon, California. The Southern District of Illinois is centrally located considering all defendants – not just one defendant.

Movant argues that the Northern District of California is "all the more pronounced" as Chevron U.S.A has its principal place of business in the Northern District of California. This argument ignores the location of the other defendants on the other side of the country. The Southern District of Illinois is centrally located to all defendants. Additionally, the Southern District of Illinois would allow for ease of access from across the country for the parties' attorneys. The Southern District of Illinois courthouse is located only 15 minutes from the Lambert International Airport in St. Louis, Missouri. In addition, access to Lambert Airport is publicly available through Metrolink, St. Louis's light rail transit system. Metrolink likewise conveniently stops just blocks away from the district courthouse.

      **b.  The physical location of documents is increasingly irrelevant.**

Movant argues that the Northern District of California would provide ease of access to documents of Chevron U.S.A. However, district courts have increasingly observed that "the location of documents is increasingly irrelevant in the age of electronic discovery, when thousands of pages of documents can be easily digitized and transported to any appropriate forum. *Fanning v. CAPCO Contractors, Inc.*, 711 F. Supp. 2d 65, 70 (D.D.C. 2010). *See, e.g., Finjan, Inc. v.*

*Sophos Inc.*, No. 14-cv-01197-WHO, 2014 U.S. Dist. LEXIS 84578, at *18 (N.D. Cal. June 20, 2014) (noting that "[t]he ease of access to evidence is neutral because much of the evidence in this case will be electronic documents, which are relatively easy to obtain in any district"); *Microspherix LLC v. Biocompatibles, Inc.*, No. 9:11-cv-80813-KMM, 2012 U.S. Dist. LEXIS 8359, at *10 (S.D. Fla. Jan. 24, 2012) ("In a world with fax machines, copy machines, email, overnight shipping, and mobile phones that can scan and send documents, the physical location of documents is irrelevant. In light of the burden a party moving for transfer bears, absent a showing by the moving party to the contrary, this Court considers the location of relevant documents and the relative ease of access to sources of proof a non-factor.").

In fact, when examining whether to grant a defendant's motion to transfer the action, a court in the Western District of Washington recently held that the fact that "most documentary evidence can now be produced electronically" either argued against the defendant's motion to transfer the action or, at best, was neutral to it. *LifeLast, Inc. v. Charter Oak Fire Ins. Co.*, No. C14-1031JLR, 2014 U.S. Dist. LEXIS 139770, at *20 (W.D. Wash. Sep. 29, 2014).

    **c. The U.S. Courthouse for the Southern District of Illinois is conveniently located to an international airport and reasonably priced accommodations.**

Movant argues that the Northern District of California should be selected due to the proximity to the San Francisco International Airport- thirteen miles. St. Louis Lambert International Airport is approximately sixteen miles from the East St. Louis U.S. Courthouse for Southern District of Illinois.[1] This airport is accessible from all major domestic and international

---

[1] *See*
https://www.google.com/maps/dir/St.+Louis+Lambert+International+Airport+(STL),+Lambert+International+Boulevard,+St.+Louis,+MO/US+District+Court+House+for+Southern+Illinois,+750+Missouri+Ave,+East+St+Louis,+IL+62201/@38.6867664,-90.3340837,12z/data=!3m1!4b1!4m14!4m13!1m5!1m1!1s0x87df36b4c56388f1:0x9dabcdbc663077a6!2m2!1d-

cites. Furthermore, there will be no concerns about lodging surrounding the Southern District of Illinois Courthouse. The cost of lodging, food and gas within the Southern District of Illinois area is at or below the national average. There are numerous hotels within ten minutes of driving distance to the courthouse and many of these are available at under $200 per night on average during the weekdays that counsel would likely travel.[2]

### 2. The Southern District of Illinois Is Well Equipped and Experienced to Manage the MDL.

The staff and Clerk's office of the Southern District of Illinois are well equipped and experienced to provide the necessary support services for managing this litigation and have the capacity to efficiently manage the pretrial proceedings in the Related Actions. This Panel has consolidated previous litigations in the Southern District of Illinois, including *In re Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.,* 883 F. Supp. 2d 1355, 1355 (J.P.M.L. 2012)*, In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices & Products Liability Litigation*, 655 F. Supp. 2d 1343 (J.P.M.L. 2009), and *In re Profiler Prods. Liab. Litig.*, 429 F. Supp. 2d 1381, 1381 (J.P.M.L. 2006).

---

[2] *See* https://www.google.com/maps/search/Hotels/@38.6269349,-90.1850671,14.78z/data=!4m8!2m7!3m6!1sHotels!2sUS+District+Court+House+for+Southern+Illinois,+750+Missouri+Ave,+East+St+Louis,+IL+62201!3s0x87d8b29afb0e3857:0x2a61ac428f9bf2f2!4m2!1d-90.1567044!2d38.6236343 (last accessed April 8, 2021).

*90.374819!2d38.7499403!1m5!1m1!1s0x87d8b29afb0e3857:0x2a61ac428f9bf2f2!2m2!1d-90.1567044!2d38.6236343!3e0* (last accessed April 9, 2021).

In addition to Multidistrict Litigations, the Southern District of Illinois and Chief Judge Rosenstengel have overseen complex mass actions involving plaintiffs from across the nation, including *In re Depakote*, 12-CV-52-NJR-SCW and *In re Syngenta Actions*, *Poletti et al. v. Syngenta AG et al.*, No. 3:15-cv-01221-DRH.

Chief Judge Rosenstengel presided over the resolution of *In re Depakote*, Lead Consolidated Case 12-CV-52-NJR-SCW, a mass action with over 600 filed cases. *In re Depakote* involved claims against Abbott Laboratories brought on behalf of children suffering birth defects after in utero exposure to the pharmaceutical drug Depakote. Chief Judge Rosenstengel presided over jury trials in this matter, 15-CV-702-NJR-SCW and 14-CV-847-NJR-SCW, and in-depth discovery in a large part of the docket.

The Southern District of Illinois understands the importance of coordination efforts between various state and federal consolidated litigations in order to promote the just and efficient conduct of the litigation. In *In re Syngenta Actions*, *Poletti et al. v. Syngenta AG et al.*, No. 3:15-cv-01221-DRH, the Southern District of Illinois coordinated with the MDL and Minnesota state court related litigations for the complex resolution of thousands of corn farmer's claims against several parties, including Syngenta AG And Syngenta Crop Protection, LLC two of the defendants in this present action.

Given the district's experience and efficiency with which it disposes of mass litigations, the Southern District of Illinois is the most appropriate venue to transfer the Related Actions. For that reason, and others, the district "possesses the necessary resources, facilities, and technology to sure-handedly devote the substantial time and effort to pretrial matters that this complex docket is likely to require." *In re Baycol Prod. Liab. Litig.,* 180 F. Supp. 2d 1378, 1380 (J.P.M.L. 2001).

### 3. Chief Judge Nancy Rosenstengel Would Efficiently and Effectively Handle This MDL.

The experience, skill, and caseload of the judge to whom the MDL is assigned are also important factors. Manual for Complex Litigation (4th) § 20.131 ("The Panel uses no single factor to select the transferee district, but the Panel does consider where . . . the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges." (footnote omitted)). Judge Rosenstengel is one month shy of seven years of experience as a judge on the federal bench. *See* https://www.ilsd.uscourts.gov/Judges/Rosenstengel.aspx. (last accessed April 16, 2021). Prior to her appointment, Judge Rosenstengel served as a career Law Clerk for the Honorable Judge G. Patrick Murphy. *Id.* She served as Law Clerk until being sworn as Clerk of Court for the United States District Court for the Southern District of Illinois in October 2009. *Id.* She served as Clerk of Court until commissioned as a United States District Judge upon the nomination of President Barack Obama and confirmation of the United States Senate in May of 2014. *Id.* Judge Rosenstengel became Chief Judge on April 1, 2019 after the retirement of Chief Judge Reagan.

Chief Judge Nancy Rosenstengel is already familiar with the paraquat litigation as she currently has seven paraquat cases before her. As noted above, Administrative Order No. 289 orders any newly filed actions in the Southern District of Illinois pertaining to injuries allegedly arising from exposure to Paraquat Products to be assigned to her.

Undoubtedly, Chief Judge Rosenstengel possess the qualifications to preside here. As previously outlined, Chief Judge Rosenstengel has experience and familiarity with complex mass litigations. Selecting the Southern District of Illinois before Chief Judge Rosenstengel would

centralize the cases before "a transferee judge with the time and experience to steer this litigation on a prudent course and sitting in a district with the capacity to handle this litigation." *In re Motor Fuel Temperature Sales Practices Litig.*, 493 F. Supp. 2d 1365, 1367 (J.P.M.L. 2007). Additionally, centralization before Chief Judge Rosenstengel would allow the Panel to assign this litigation to an experienced judge who has not yet had the opportunity to preside over an MDL. *See In re TransUnion Rental Screening Sols., Inc., Fair Credit Reporting Act Litig.*, 437 F. Supp. 3d 1377, 1378 (J.P.M.L. 2020) (transferring to Northern District of Georgia because it allowed the Panel to "assign th[e] litigation to an able jurist who ha[d] not yet had the opportunity to preside over an MDL.").

### III.   CONCLUSION

All related cases in this matter, and any later "tag-alongs," should be transferred and centralized pursuant to 28 U.S.C. § 1407 in the Southern District of Illinois before Chief Judge Rosenstengel.

Dated: April 30, 2021

Respectfully submitted,

/s/ Chad A. Finley
Chad A. Finley, IL Bar No: 6308995
TorHoerman Law LLC
210 South Main Street
Edwardsville, IL 62025
P: 618-656-4400
F: 618-656-4401
E: cfinley@thlawyer.com
*Counsel for Plaintiff Allen Tippey (21-cv-00397; S.D. Ill.)*