BEFORE THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: PARAQUAT PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL No. 3004 |

**JOINT RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Come now Plaintiffs, Stanley Copas and Dawn Copas, h/w and Paul Friday and Luiba Friday, h/w, James Crane and Brenda Crane, h/w (herein after "Plaintiffs" or "Movants") and join the majority of parties, including the Defendants, that are requesting this Panel consolidate matters relating to the injuries suffered as a result of paraquat use.  Plaintiffs filed suit on April 30, 2021 against Defendants Syngenta Crop Protection L.L.C., Syngenta AG (collectively "Syngenta") and Chevron U.S.A, Inc. (collectively "Defendants").  In support of the Motion for Transfer of Actions to the Northern District of California (the "Motion") or, in the alternative that the actions be transferred to the Eastern District of Pennsylvania,  Movants state:

I.     **BACKGROUND**

Plaintiffs are among the many injured victims who have alleged in various federal district courts that they believe their Parkinson's disease was as a result of their exposure to paraquat which was sold, tested, and/or manufactured by Defendants.  The numerous filings before this Panel, that Plaintiffs, for the most part, agree with, allege substantially similar allegations that Defendants breached their duty to Plaintiffs and others in how the Defendants tested, warned, sold and/or manufactured their paraquat herbicide product and the causation between Plaintiffs' and

other's usage of paraquat and the development of their Parkinson's disease. Specifically, they all contain the following common questions of fact or law:

- Whether paraquat was defective;

- Whether Defendants had knowledge regarding the existence of a defect;

- Whether Defendants conducted adequate testing of paraquat;

- Whether Defendants breached their duty of care to Plaintiff;

- Whether Defendants failed to warn about the risks of paraquat;

- Whether Defendants breached any warranty, express or implied, related to the sale of paraquat;

- Whether paraquat is a public nuisance;

- Whether paraquat is capable of causing Parkinson's disease generally; and

- Whether paraquat is capable of causing and/or did cause Parkinson's disease and related injuries of Plaintiff.

This litigation is the type of litigation that was envisioned by 28 U.S.C. § 1407 and would greatly benefit from the transfer and centralization of the related actions for coordinated or consolidated pretrial proceedings. Plaintiffs' undersigned counsel represent hundreds of other victims and have filed cases in the United States District Courts for the Northern District of California, Southern District of Illinois and Eastern District of Pennsylvania.[1] The vast number of

---

[1] Plaintiffs' undersigned counsel has filed Complaints in the Eastern District of Pennsylvania on behalf of Plaintiffs, James Crane and Brenda Crane, h/w (Docket No. 2:21-CV-01996); Stanley Copas and Dawn Copas, h/w (Docket No. 2:21-cv-02013); and Paul Friday and Luiba Friday (Docket No. 2:21-cv-02016); in the Southern District of Illinois on behalf John Shea and Catherine Shea, h/w (Docket No. 3:21-CV-00439); and in the Northern District of California on behalf of John Milling and Suzanna Milling (Docket No. 3:21-CV-03233) and Lloyd Parsons (Docket No. 3:21-CV-03229). All Complaint were filed jointly by the law firms of Saltz Mongeluzzi & Bendesky P.C., DiCello Levitt Gutzler LLC, and Searcy Denney Scarola Barnhart & Shipley, PA. The California Complaints were also filed with co-counsel Panish Shea & Boyle, LLP.

Plaintiffs and diverse nature of filings to date all make this case appropriate to utilize the advantages that 28 U.S.C. § 1407 provides.

## II. ARGUMENT

### A. Transfer under 28 U.S.C. § 1407 is necessary and appropriate.

Movants join the chorus of parties, including the Defendants, that are requesting the transfer and centralization of the related actions for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. Section 1407(a) permits transfer and consolidation or coordination of cases where: (1) the civil actions involve "one or more common questions of fact"; (2) transfer will serve "the convenience of parties and witnesses"; and (3) transfer "will promote the just and efficient conduct" of the civil actions.[2]

Under these circumstances, transfer and consolidation or coordination is not only preferable, it is necessary for there to be a just and efficient litigation of the parties' disputes. The criteria of Section 1407 are met, and the Panel should grant transfer to a single jurist for prompt, consistent and efficient pre-trial proceedings.[3]

Movants generally adopts and concurs with the statements of facts and arguments contained in the Motion as well as the other motions filed in support and agree that the related actions and tag-along cases should be centralized in an MDL for pretrial proceedings. Absent transfer and consolidation or coordination, efficiency will suffer. By litigating dozens of different cases, as identified in the Schedule of Actions involving the same factual and legal allegations, as described above, in disparate districts, the parties face the prospect of district courts entering

---

[2] *See In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 469 F. Supp. 2d 1348, 1350 (J.P.M.L. Dec. 28, 2006) (describing requirements).
[3] *See In re Seroquel Prods. Liab. Litig.*, 447 F. Supp. 2d 1376 (J.P.M.L. July 6, 2006); 28 U.S.C. § 1407(a); *In re Horizon Organics Milk Plus DHA Omega-3 Mktg. and Sales Prac. Litig.,* MDL No. 2324, 844 F. Supp. 2d 1380 (J.P.M.L. Feb. 9, 2012).

inconsistent rulings affecting discovery, motions practice, and the ultimate disposition of the disputes. Significant inefficiencies could likewise occur as the parties engage in duplicative discovery and motion practice. The ability to coordinate with various state actions would also be lost or at a minimum severely hampered in that it would not be possible to have effective coordination between this many courts without consolidation.

Accordingly, Movants agree that transfer and pretrial coordination of related paraquat Parkinson's disease cases will promote the just and efficient conduct of litigation and further the goals of 28 U.S.C. § 1407.

### B.  The Northern District of California is An Appropriate Transferee Forum.

Plaintiffs do not dispute that the Northern District of California before the Honorable Edward M. Chen ("Judge Chen") would be appropriate. That District, and specifically Judge Chen's qualifications and experiences, are unapparelled in handling Multi-District Litigation ("MDL") involving complex legal matters. Judge Chen and the Northern District of California meet or exceed the factors of being an appropriate transferee forum. Plaintiffs thus add their support to Judge Chen and the Northern District of California, provided the Court is comfortable undertaking this extraordinary time commitment in light of the Court's current caseload.

### C.  Alternatively, the Eastern District of Pennsylvania Is An Appropriate Transferee Forum.

As an alternative, Plaintiffs request transfer to the United States District Court for the Eastern District of Pennsylvania.  The Eastern District of Pennsylvania is a modern, well-equipped court with the judicial resources and experience needed for complex case management.  The Eastern District of Pennsylvania has an exemplary record for bringing complex MDL cases to

expeditious and efficient resolutions bringing 92 litigations to a resolution.[4] Those litigations included complex legal issues and the management of a large volume of cases as can be seen by the orders of their various judges.[5]

The Eastern District of Pennsylvania, and specifically its Philadelphia location, is a convenient forum for the parties and witnesses. Notably, Pennsylvania is the state of incorporation for defendant Chevron U.S.A. Inc. Additionally, the Metropolitan area is served by a major international airport, offering regular and frequent service to all parts of the nation and world, including direct flights from Greensboro, North Carolina (headquarters for Syngenta Crop Protection L.L.C.) and San Francisco, California (headquarters for Chevron U.S.A. Inc.) and convenient flights to Switzerland (headquarters for Syngenta AG).[6] Thus, the Eastern District of Pennsylvania is a conveniently-located central hub for this litigation.

Concerns regarding time differences as discussed in other motions are best mitigated in the Eastern District of Pennsylvania. There is a 6-hour time difference between the Eastern Standard Time zone (EST) and the Central European Time zone (CET). This difference allows for overlapping business hours between the Eastern District of Pennsylvania and Basel Switzerland. Further, Philadelphia offers a strong legal community, with ample hotel and office accommodations, and a well-developed support system for legal services.

Recently, there have been at least 3 filings in the Eastern District of Pennsylvania. The judges that are presiding over these cases are: Judge John Milton Younge, Judge Gene E.K. Pratter

---

[4] *See Multidistrict Litigation Terminated through September 30, 2020*, https://www.jpml.uscourts.gov/sites/jpml/files/Cumulative%20Terminated%202020_0.pdf (last accessed May 2, 2021).

[5] https://www.paed.uscourts.gov/documents2/opinions/mdl-opinions

[6] *In re Enron Corp. Secs, Derivative & "ERISA" Litig.,* MDL 1446, 196 F. Supp. 2d 1375, 1376-77 (J.P.M.L. Apr. 16, 2002) (selecting a transferee forum in part because "a litigation of this scope will benefit from centralization in a major metropolitan center that is well served by major airlines, provides ample hotel and office accommodations, and offers a well-developed support system for legal services.").

and Judge Chad F. Kenney. The Panel often considers an individual judge's qualifications in making transfer decisions.[7] Notably, Judge Younge has considerable experience in complex actions. Judge Younge supervised the Auxilium Testosterone Cases in the Philadelphia County Court of Common Pleas which involved numerous Plaintiffs and lawsuits alleging that testosterone products manufactured by various drug companies caused heart attacks.[8] Outside of these cases, Judge Younge has considerable experience in product liability cases and matters that involve multiple parties and complex litigation issues. In addition to Judge Younge, there are numerous other judges in the Eastern District of Pennsylvania that have knowledge, experience and understanding to handle such cases. Thus, the Eastern District of Pennsylvania is an appropriate and well-suited transferee forum.

### III.   CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Panel transfer the above-mentioned actions and all subsequent tag-along cases for the coordinated and consolidated pretrial proceedings before the Northern District of California and assign the matter to Judge Chen. In the alternative, Plaintiffs respectfully request that the Panel transfer the above-mentioned

---

[7] *See, e.g., In re New Motor Vehicles Canadian Exp. Antitrust Litig.,* 269 F. Supp. 2d 1372, 1373 (J.P.M.L. June 25, 2003).

[8] See *Hoehl v. Auxilium, et al.*, March Term, 2014, No. 1684; *Rios v. Auxilium, et al.*, March Term, 2014, No. 2537; *Olivetti v. Auxilium, et al.*, March Term, 2014, No. 3508; *Hardwich v. Auxilium, et al.*, March Term, 2014, No. 3953; *Joseph v. Auxilium, et al.*, March Term, 2014, No. 4352; *Dotson v. Auxilium, et al.*, Apr. Term, 2013, No. 5483; *Angelli v. Auxilium, et al.*, May Term, No. 0870; *Kovacs v. Auxilium, et al.*, Aug. Term, 2014, No. 1015; *Chasse v. Auxilium, et al.*, Sept. Term, 2014, No. 2801; *Carter v. Auxilium, et al.*, Oct. Term, 2014, No. 2217; *Boodoosingh v. Auxilium, et al.*, Oct. Term, 2014, No. 2266; *Barker v. Auxilium, et al.*, Nov. Term, 2014, No. 0470; *Massey v. Auxilium, et al.*, Dec. Term, 2014, No. 0998; *Vernon II v. Auxilium, et al.*, Dec. Term, 2014, No. 0995; *Boone v. Auxilium, et al.*, June Term, 2015, No. 2426; *Thompson-Worley v. Auxilium, et al.*, Aug. Term, 2015, No. 1910; *Tamlin v. Auxilium, et al.*, Aug. Term, 2015, No. 3692; *Sivik v. Auxilium, et al.*, Oct. Term, 2015, No. 1639; *Gillespie v. Auxilium, et al.*, Nov. Term, 2015, No. 0679; *Kavetski v. Auxilium, et al.*, Dec. Term, 2015, No. 1999.

actions and all subsequent tag-along cases for the coordinated and consolidated pretrial proceedings before the Eastern District of Pennsylvania.

Dated: May 3, 2021 							Respectfully submitted,

*/s/ Mark A. DiCello*
Mark A. DiCello
**DiCELLO LEVITT GUTZLER LLC**
7556 Mentor Avenue
Mentor, Ohio  44060
Tel:     (440) 953-8888
Fax:    (440) 953-9137
madicello@dicellolevitt.com

*Counsel for Copas and Friday Plaintiffs*

*/s/ Jeffrey P. Goodman*
Jeffrey P. Goodman
**SALTZ MONGELUZZI & BENDESKY P.C.**
One Liberty Place
1650 Market Street, 52nd Floor
Philadelphia, Pennsylvania  19103
Tel:     (215) 496-8282
Fax:    (215) 496-0999
jgoodman@smbb.com

*Counsel for the Crane Plaintiffs*