BEFORE THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: PARAQUAT PRODUCTS LIABILITY LITIGATION | § § § | MDL – 3004 |

**RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

COME NOW Paul Passino ("Plaintiff") and Monique Passino (hereinafter collectively "Plaintiffs") (3:21-cv-0606), by and through their counsel pursuant to 28 U.S.C. § 1407 and Judicial Panel on Multidistrict Litigation Rule 6.2(e), in support of the movants' Motion for Transfer of Actions to the Northern District of California (the "Motion"), and also request in the alternative that the actions be transferred to and centralized in the Southern District of Illinois if the Northern District of California is unsuitable, respectfully state as follows:

**I.     BACKGROUND**

Plaintiffs Paul Passino and Monique Passino are the Plaintiffs alleging in an individual civil action that Plaintiff's Parkinson's disease diagnosis was caused by his exposure to or use of paraquat, the herbicide manufactured, sold, and/or distributed by Defendants Syngenta Crop Protection L.L.C., Chevron U.S.A, Inc., and Syngenta AG (hereinafter collectively "Defendants"). Chaffin Luhana LLP and co-counsel represent Plaintiffs as well as many other additional individuals who have been diagnosed with Parkinson's disease after repeated and/or long-term exposure to paraquat.

Plaintiffs Paul Passino and Monique Passino adopt and concur with the facts, allegations, and arguments contained in the movants' Motion for Coordinated or Consolidated Pretrial

1

Proceedings and believe that each case identified in the original Schedule of Actions filed with the Motion involves substantially similar questions of law and fact against the same Defendants. Plaintiffs believe that because many others face injuries similar to their own, discovery should be organized in an effective and efficient manner by avoiding unnecessarily duplicative work in what they believe will be a complex and voluminous litigation. Indeed, the creation of unnecessary and duplicative work would result in a waste and drain on the resources of all parties involved. Because of this, Plaintiffs agree that a consolidation of this action, all related actions, and all future tag-along actions for pretrial coordination will resolve these potential issues and promote the goals of 28 U.S.C § 1407.

Subsequently, Plaintiffs concur that these individual actions, including their own, should specifically be consolidated in the Northern District of California before Honorable Edward M. Chen ("Judge Chen") as it presents as the strongest option for venue. Judge Chen is amply qualified to steer this litigation and he has historically and successfully handled such mass tort litigations including: *In re: Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2777; *In re: Carrier IQ, Inc. Consumer Privacy Litig.,* MDL No. 2330; *In re: Wells Fargo Loan Processor Overtime Pay Litig.*, MDL No. 1841; and *In re: Wells Fargo Home Mortgage Overtime Pay Litig.*, MDL No. 1770.

Should the Panel decide that the Northern District of California is unsuitable or unwarranted, Plaintiffs respectfully request that these actions be then consolidated in the Southern District of Illinois before the Honorable Nancy J. Rosenstengel (hereinafter "Chief Judge Rosenstengel"). Chief Judge Rosenstengel is also abundantly qualified to steer this litigation. Similar to the Northern District of California, Chief Judge Rosenstengel has just under half of the cases listed in the Schedule of Actions pending before her and has a strong history of overseeing complex mass actions litigation and voluminous discovery issues involving plaintiffs across the

country. Consequently, Chief Judge Rosenstengel presents as a strong alternative choice for consolidation within the Southern District of Illinois.

## II. Argument

### A. Transfer of These Actions for Consolidation Promotes the Just and Efficient Conduct of Litigation and Furthers the Goals of 28 U.S.C. § 1407.

Under 28 U.S.C. § 1407, the Panel must consider whether: (1) "civil actions involving one or more common questions of fact are pending in different districts"; (2) transfer and coordination "will promote the just and efficient conduct of such actions"; and (3) transfer and coordination will serve "the convenience of the parties and witnesses." *See* 28 U.S.C. § 1407(a).

Here, as listed prior, the transfer, coordination, and/or centralization of the pretrial proceedings are appropriate as the listed related actions and tag-along cases involve similar questions of fact such as:

- Whether paraquat was defective;
- Whether Defendants individually or collectively had knowledge regarding the existence of a defect;
- Whether Defendants individually or collectively had knowledge regarding the alleged dangers of paraquat;
- Whether Defendants individually or collectively conducted adequate testing of paraquat;
- Whether Defendants individually or collectively breached their respective duty of care to Plaintiffs;
- Whether Defendants individually or collectively failed to warn about the risks of paraquat;
- Whether Defendants individually or collectively breached any warranty, express or implied, relatedto the sale of paraquat;
- Whether paraquat is capable of causing Parkinson's disease generally; and
- Whether paraquat is capable of causing and/or did cause Parkinson's disease and related injuries of Plaintiffs.

As the number of related actions involving similar questions of fact is expected to grow in federal courts across the county, the transfer, coordination, and/or centralization under § 1407 is the only way to promote the just, effective, efficient, and convenient conduct for all parties involved.

Paraquat first became commercially available for use in the United States in 1964. Subsequently, paraquat has been used across the United States to kill broadleaf weeds and grasses before the planting of over 100 different crops, as well as to desiccate plants or cotton before harvest. Plaintiffs believe that while each case will have its own unique details, each case will share the same historical discovery dating back to paraquat's inception over 60 years ago. Additionally, the pretrial discovery, paraquat's history, and general causation will apply equally to all plaintiffs even if each case is unique. Because of this, the transfer, coordination, and/or centralization of these actions to a single District will benefit all parties involved by promoting the just, effective, efficient, and convenient resolution to these common issues.

Moreover, the risk of inconsistent rulings will remain high absent the centralization of these actions as actions of similar questions of fact will continue to be filed in federal courts across the country. As this Panel has previously held, the centralization of related actions involving common questions of fact is "necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *See In re: Terrorist Attacks on Sept. 11, 2001*, 295 F. Supp. 2d 1377, 1378 (J.P.M.L. 2003). As a result, the transfer, coordination, and/or centralization of these related actions will benefit all parties involves by promoting the just, effective, efficient, and convenient resolution to these issues.

### B. The Northern District of California is the most Appropriate Forum for Transfer and Consolidation or Coordination of the Related Actions.

Once this Panel has determined that the transfer, coordination, and/or centralization of the related actions is appropriate, it then "looks for an available and convenient transfer forum." *Manual for Complex Litig.* § 22.33 at 367 (4th Ed. 2011). The Panel usually selects a forum that conforms with the following standard: "(1) is not overtaxed with other MDL cases, (2) has a related action pending on its docket, (3) has a judge with some degree of expertise in handling the issues presented, and (4) is convenient to the parties." *Id.*

It is important that a District Court have ample strength to help steer a complex and voluminous litigation. The Northern District of California historically has one of the strongest and most experienced administrations in handling complex litigations like the one at hand. Both the staff and the Clerk's Office present as a well-prepared, responsive, and effective solution to help handle the nature of this complex litigation. Indeed, the Northern District of California is "well equipped with the resources that this complex docket is likely to require." *See In re: Compression Labs, Inc. Pat. Litig.,* 360 F. Supp. 2d 1367, 1369 (J.P.M.L. 2005). Further, Judge Chen historically has comfortably handled complex litigations, and is amply qualified to do so again. This Panel has previously recognized Judge Chen as "a jurist well-versed in the nuances of complex and multidistrict litigation who can steer this matter on a prudent course." *In re: Chrysler-Dodge-Jeep EcoDiesel Mktg. Sales Practices & Prods. Liab. Litig.*, 273 F. Supp. 1377, 1379 (J.P.M.L. 2017).

Further, the Northern District of California showcases as a convenient venue for the transfer, coordination, and/or centralization of these proceedings. Just under half of the related actions listed within the Schedule of Actions are filed within the Northern District of California. Indeed, the case to centralize this action, all related actions, and all future tag-along actions in the Northern District of California has strengthened since the time of the original filing as many subsequent cases continue to be filed in that District as of the time of this filing. Additionally, Defendant Chevron U.S.A. Inc. has its principal place of business in the Northern District of California as well. In relation to convenience, the courthouse for the San Francisco Division is close to numerous major hotel chains, an efficient mass transit system, and is less than 13 miles from the San Francisco Airport. The San Francisco Airport is a major airline hub and one of the largest airports in the country. For the reasons stated above, it presents as a viable and convenient location for the close proximity of all parties involved.

The Northern District of California also is a convenient venue because of its close proximity and relation to the only state consolidated proceeding related to paraquat and the similar injuries presented in these related actions. *See In re: Paraquat Cases,* JCCP 5031. The Paraquat JCCP is located in Contra Costa County (which is contained within the Northern District of California) before the Honorable Edward G. Weil and is only 35 miles from the Federal Courthouse in San Francisco where Judge Chen sits. The ability of the parties to conduct joint status conferences, a joint science day, and coordinate discovery between the venues would be beneficial and convenient to all parties involved. Finally, consolidation before Judge Chen would promote judicial economy as he has the oldest case in the Northern District of California and has subsequently begun to familiarize himself with the forthcoming litigation.

As of May 2021, many of the Northern District's MDL cases are close to completion, including *In re: Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2777, which is being overseen by Judge Chen. For the reasons stated prior, Plaintiffs respectfully request that the Panel transfer, coordinate, and centralize the related actions and all subsequent tag-along cases to Judge Chen in the Northern District of California.

### C. Southern District of Illinois as an Alternative Venue

Plaintiffs adopt and concur that the Southern District of Illinois presents as an attractive alternative in the event that the Panel should find the Northern District of California be either unsuitable or unwarranted for the transfer, coordination, and/or centralization of this action, all related actions, and all subsequent tag-along actions.

Chief Judge Rosenstengel, as stated prior, presents as an amply qualified individual to help steer this litigation and is equipped with a strong and experienced administration to help deal with the various matters that will be present in this complex litigation. Additionally, the Southern District of Illinois is not overtaxed with MDL cases as there are no present MDL cases pending

before the Court at the time of this filing. With that said, the Southern District of Illinois recently oversaw and completed the multidistrict litigation for *In re: MCI Non-Subscriber Telephone Rates* (MDL-1275); *In re: Profiler Prods. Liab. Litig.* (MDL-1748); and *In re: Yasmin and Yaz (drospirenone) Mktg, Sales Practices and Relevant Prods. Liab. Litig.* (MDL-2100). Chief Judge Rosenstengel also recently and successfully presided over complex mass tort pharmaceutical claims. *In Re: Depakote: Alexander v. Abbott Laboratories, Inc.*, No. 12-CV-52-NJR-SCW, 2016 WL 7710851(S.D. IL Sep. 30, 2016). In similar notion to the Northern District of California, almost half of the related actions listed in the Schedule of Actions have been filed in the Southern District of Illinois and have all been coordinated before Chief Judge Rosenstengel.

Chief Judge Rosenstengel also presents with a strong judicial background to help showcase why she is amply qualified. After serving as a law clerk for the Hon. G. Patrick Murphy, U.S. District Court, Southern District of Illinois from 1998 through 2009 and then as clerk of the U.S. District Court, Southern District of Illinois from 2009 through 2014, Chief Judge Rosenstengel was appointed to the Southern Districtof Illinois in 2014 and elevated to Chief Judge in 2019. Chief Judge Rosenstengel's confirmation was historic as no woman had ever served as an Article III federal judge in the Southern District of Illinois prior to her confirmation.

The Southern District of Illinois also presents as a convenient location for all involved parties. It is centrally located to the parties as it is near the geographical center of the United States. It boasts a convenient location with surrounding major hotels, mass transit, and is approximately 15 miles from the St. Louis Lambert International Airport which is one of the largest airports in the United States. Because of this, the relative ease of convenience presented by the Southern District of Illinois makes it an attractive option for all parties involved. Further yet, the Southern District of Illinois is home to a sprawling agricultural industry, which is the predominant industry for paraquat usage. According to the 2012 USDA Census of Agriculture, there are

approximately 25,000 farms within the Southern District of Illinois.[1]

Therefore, if the Panel should find the Northern District of California unsuitable for the transfer, coordination, and/or centralization for these actions, Plaintiffs respectfully request that these actions be consolidated in the Southern District of Illinois before Chief Judge Rosenstengel.

### III.     CONCLUSION

For the reasons stated prior, Plaintiffs respectfully request that the Panel transfer the above-mentioned action, all related actions, and all subsequent tag-along actions for the coordinated and consolidated pretrial proceedings before the Northern District of California and assign the matter to Judge Chen.  However, if the Panel should find that the Northern District of California be unsuitable in nature, Plaintiffs respectfully request that the Panel transfer the above-mentioned action, all related actions, and all subsequent tag-along actions for the coordinated and consolidated pretrial proceedings before the Southern District of Illinois and assign the manner to Chief Judge Rosenstengel for the reasons stated prior.

**Dated this 20th Day of May, 2021**                        **Respectfully Submitted,**

*/s/ Roopal P. Luhana*
**CHAFFIN LUHANA LLP**
Roopal P. Luhana, Esq.
Eric T. Chaffin, Esq.
600 Third Avenue, 12th Floor
New York, New York 10016
(888) 480-1123 telephone
(888) 499-1123 facsimile

**WAGSTAFF LAW FIRM**
Aimee H. Wagstaff (SBN 278480)
David J. Wool (SBN 324124)
940 Lincoln St.
Denver, CO 80203
Tel: (303) 376-6360
Fax: (303) 376-6361

---

[1] https://www.nass.usda.gov/Publications/AgCensus/2012/Online_Resources/County_Profiles/

awagstaff@wagstafflawfirm.com
dwool@wagstafflawfirm.com

Kathryn Forgie, Esq.
755 Baywood Drive, 2nd Floor
Petaluma, CA 94954
Tel: (303) 376-6360
Fax: (303) 376-6361
kforgie@wagstafflawfirm.com