BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: PARAQUAT PRODUCTS        )        MDL No. 3004
LIABILITY LITIGATION            )

### CHARLES STRICKLAND'S INTERESTED PARTY RESPONSE IN SUPPORT OF CONSOLIDATION IN THE EASTERN DISTRICT OF MISSOURI

Plaintiff Charles Strickland files this Interested Party Response under J.P.M.L. Rule 6.2 to the Motion to Transfer filed by Paul Rakoczy (doc. 1). The initial Motion to Transfer pursuant to 28 U.S.C. § 1407 asks that actions for paraquat-induced Parkinson's disease be transferred to the Northern District of California for coordinated and consolidated pretrial proceedings. (Doc. 1). While the Plaintiff here agrees that consolidation and coordination is warranted and appropriate under 28 U.S.C. § 1407, Plaintiff Strickland disagrees that the Northern District of California is the most suitable district. Instead, Plaintiff Strickland requests that these actions be transferred to the Eastern District of Missouri for consolidation before Judge John A. Ross.

The Eastern District of Missouri is uniquely qualified to efficiently manage this litigation. It is intimately familiar with many of the factual and legal matters at issue. Not only is the most procedurally advanced case being litigated in the Eastern District of Missouri, but that district has extensive experience in overseeing other complex MDLs and other cases involving the agricultural industry and agrochemical companies. Additionally, the Eastern District of Missouri presents a convenient and accessible forum for parties and potential witnesses and its current docket will accommodate a large MDL. For these reasons, Plaintiff Strickland requests that the Panel transfer all actions related to paraquat-induced Parkinson's disease to the Eastern District of Missouri.

1

## ARGUMENT

Because these actions involve many common questions of fact warranting consolidation and transfer under 28 U.S.C. § 1407, it is unsurprising that Syngenta, Chevron, the Rakoczy Plaintiffs, and all but one of the other responding parties support consolidation. The contested issue before the Panel is what district provides the most appropriate venue. For three important reasons, the Eastern District of Missouri is the best venue for these actions.[1]

First, it is the district with the most procedurally advanced case. Second, it is the district with special expertise in complex agricultural litigation. And third it is the most convenient district for all parties. MANUAL COMPLEX LIT. (FOURTH) § 20.131 ("The Panel uses no single factor to select the transferee district, but the Panel does consider where the largest number of cases is pending, where discovery has occurred, where cases have progressed furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges.").

### A. The Most Procedurally Advanced Case is Pending in the Eastern District of Missouri.

An important factor the Panel considers when determining the best venue for an MDL is the venue of the most procedurally advanced case. Here, the earliest filed federal paraquat case, *Holyfield, et al. v. Chevron U.S.A., et al.*, No. 1:20-cv-00165-JAR (E.D. Mo.), is pending before Judge Ross in the Eastern District of Missouri. *Holyfield* was filed in July 2020. The parties have already fully briefed motions to dismiss that Judge Ross ruled on in April of 2021. In contrast, the other related actions were not filed until at least February 2021, and responsive pleadings have not

---

[1] The suitability of the Eastern District of Missouri has been thoroughly briefed and this response does not seek to reiterate all of points made in those filings. (Docs. 22, 57, 68 and 70).

2

yet been filed in any of the other related actions. Because the most procedurally advanced paraquat case is pending in the Eastern District of Missouri, it makes sense to consolidate the litigation in that district. *In re Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Litig.*, 412 F. Supp. 3d 1344, 1346–47 (J.P.M.L. 2019) ("The three earliest-filed actions are pending there . . . . Significant pretrial activity, including a hearing and decision on a preliminary injunction motion, has taken place in *Cipla*. Chief Judge Leonard P. Stark, who is presiding over *Cipla* and the other two Delaware actions, already has gained substantial familiarity with many aspects of this litigation."); *In re Onglyza (Saxagliptin) & Kombiglyze XR (Saxagliptin & Metformin) Prod. Liab. Litig.*, 289 F. Supp. 3d 1357, 1359 (J.P.M.L. 2018) (While "no action or group of actions is significantly advanced . . . [t]he longest-pending action (*Taylor*) is proceeding apace in this district."); *In re: Roundup Prod. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016) ("Two of the earliest-filed and most procedurally advanced actions are pending in this district."); *In re Imagitas, Inc., Drivers' Priv. Prot. Act Litig.*, 486 F. Supp. 2d 1371, 1372 (J.P.M.L. 2007) ("The constituent action pending in the Middle District of Florida, which was the first action filed, is relatively more procedurally advanced than the other actions.").

Moreover, because Judge Ross has presided over *Holyfield* for almost a year, he is familiar with the factual and legal arguments about paraquat-induced Parkinson's disease and is well situated to take charge of this litigation without delay. *In re Smith & Nephew BHR & R3 Hip Implant Prod. Liab. Litig.*, 249 F. Supp. 3d 1348, 1352 (J.P.M.L. 2017) ("Further, as Judge Blake is presiding over one of the most procedurally-advanced actions, she is well situated to structure this litigation to minimize delay and avoid unnecessary duplication of discovery and motion practice.); *In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Prod. Liab. Litig.*, 220 F. Supp. 3d 1356, 1359 (J.P.M.L. 2016) (same). In terms of judicial efficiency, it makes

little sense for another judge to be required to devote the time necessary to plow the ground already plowed by Judge Ross.

**B. The Eastern District of Missouri has Extensive Experience with Complex, Agricultural Litigation.**

Along with Judge Ross's experience in *Holyfield*, the Eastern District of Missouri has unique and extensive experience with agricultural litigation, including complex MDL's. Most recently, Judge Limbaugh presided over claims involving another herbicide in *In re Dicamba Herbicides Litig.*, MDL No. 2820. In *Dicamba,* the Court addressed many of the same issues that will be in contention in this litigation. For example, the Court addressed preemption under the Federal Insecticide, Fungicide, and Rodenticide Act and the complex regulatory schemes that apply to herbicides, issues that will also be in dispute in the paraquat litigation. Before *Dicamba*, Judge Perry handled the *In re Genetically Modified Rice Litig.*, MDL 1811 – another agricultural MDL involving the release of genetically modified rice seeds before the seeds were approved for use by the United States government.

In addition to Judge Limbaugh and Judge Perry's experience with MDLs, Judge Ross has presided over two prior MDLs: *In re Ashley Madison Customer Data Sec. Breach Litig.*, MDL 2669 and *In re: Schnuck Markets, Inc., Customer Data Sec. Breach Litig.*, MDL 2470.

The Eastern District of Missouri is also home to one of the country's largest agrochemical companies – Bayer CropScience.[2] Because of this, the Eastern District of Missouri sees a significant volume of agriculturally related litigation. *See, e.g.*, *Schoenbaum v. E.I. DuPont De Nemours & Co.*, No. 4:05CV01108 ERW, 2009 WL 4782082 at *1 (E.D. Mo. Dec. 8, 2009) (Webber, J.) (involving transfer and consolidation of "thirteen state court class actions — in

---

[2] In 2018, Bayer acquired Monsanto. For years, the Eastern District of Missouri was home to Monsanto. Bayer CropScience's Global Seeds & Traits' Headquarters continues to be in the Eastern District of Missouri.

4

Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Ohio, South Dakota, Tennessee, and Wisconsin" brought by farmers and farming entities against Monsanto and Pioneer over Roundup Ready corn and soybean seed); *see also Monsanto Co. v. E.I. DuPont De Nemours & Co.*, No. 4:09CV00686 ERW, 2012 WL 5830580 (E.D. Mo. Nov. 16, 2012) (Webber, J.) (involving contract and patent claims by Monsanto related to Roundup Ready genetically modified soybeans resulting in 1 billion jury verdict, and a bifurcated antitrust counterclaim against Monsanto (ultimately settled)); *McIntosh v. Monsanto Co.*, 462 F. Supp. 2d 1025, 1028 (E.D. Mo. 2006) (Sippel, J.) (involving farmer claims against Monsanto, Pioneer, and Syngenta alleging conspiracy in violation of the Sherman Act in the sale of genetically modified Roundup Ready soybean seed). The Eastern District of Missouri's location in the heart of the agricultural industry and its experience with related agricultural litigation and the related regulatory schemes and preemption issues, benefits the parties and facilitates efficient litigation. As a result, the Eastern District of Missouri's experience with agricultural litigation supports consolidation in that venue.

C. **Because the Eastern District of Missouri is Centrally Located in the Midwest, it is Convenient for All the Parties.**

Finally, the Eastern District of Missouri is geographically convenient for all the parties. Defendants in these cases are located on opposite coasts: the Syngenta Defendants are principally located in North Carolina, Delaware, Minnesota, and Basel, Switzerland. Chevron (a defendant in some but not all cases) is headquartered in Northern California. The farmers that have sued live across the country but are predominantly situated in the middle part of the country where most of the paraquat is used.

5

As seen in the map below, paraquat use is concentrated in the Midwest, with little used in the West Coast.[3]



Because use is necessary for exposure, it stands to reason that future plaintiffs will be concentrated in this region. Given the nationwide scope of this litigation, a geographically central location, like St. Louis, Missouri, is the most convenient forum, particularly when the use of the product at issue is centered there. *In re Libr. Editions of Children's Books*, 297 F. Supp. 385, 387 (J.P.M.L. 1968) ("Finally, we note that although air travel renders both California and New York readily accessible, there is still something to be said for the convenience of a geographically central forum in coast-to-coast litigation."); *see also In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prod. Liab. Litig.*, 316 F. Supp. 3d 1380, 1381 (J.P.M.L. 2018) ("It is centrally located geographically, making it a convenient forum for this nationwide litigation.").

---

[3] https://water.usgs.gov/nawqa/pnsp/usage/maps/show_map.php?year=2017&map=PARAQUAT&hilo=L&disp=Paraquat

## **CONCLUSION**

Cases related to paraquat-induced Parkinson's disease should be centralized before Judge John A. Ross in the Eastern District of Missouri. Judge Ross has presided over the earliest filed case since July 2020 and has already ruled on motions to dismiss. In addition, the Eastern District of Missouri has the experience and skill to handle these complex agricultural cases and it is the district that will be most convenient for all parties.

Dated: May 20, 2021        Respectfully Submitted,

By: /s/ Don M. Downing

**GRAY, RITTER & GRAHAM, P.C.**

Don M. Downing, #30405 (MO)
Gretchen Garrison, #33963 (MO)
Thomas K. Neill, #51959 (MO)
Cort A. VanOstran, Bar #67276 (MO)
701 Market Street, Suite 800
St. Louis, Missouri 63101
Telephone: (314) 241-5620
Facsimile: (314) 241-4140
ddowning@grgpc.com
ggarrison@grgpc.com
tneill@grgpc.com
cvanostran@grgpc.com

**HARE WYNN NEWELL & NEWTON LLP**

Scott Powell
Jason Earley
Tempe Smith
Christopher S. Randolph, Jr.
2025 3rd Ave. North, Suite 800
Birmingham, AL 35203
Telephone: (205) 328-5330
scott@hwnn.com
jason@hwnn.com
tempe@hwnn.com
chris@hwnn.com

**STUEVE SIEGEL HANSON LLP**

<div style="margin-left: 40%;">

Patrick J. Stueve, #37682 (MO)
Stephen Six
Rachel E. Schwartz
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101
stueve@stuevesiegel.com
six@stuevesiegel.com
schwartz@stuevesiegel.com

**GRAY REED & MCGRAW LLP**

William B. Chaney
Andrew K. York
Sonya Reddy
4600 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone: (214) 954-4135
wchaney@grayreed.com
dyork@grayreed.com
sreddy@grayreed.com

</div>