BEFORE THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: PARAQUAT PRODUCTS LIABILITY LITIGATION | § § § | MDL – 3004 |

**RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

COME NOW Plaintiffs Nazerano Amatucci (4:21-cv-03278; N.D. Cal.), Joe Nelson (4:21-cv-03670; N.D. Cal.), and Darren Ingram (4:21-cv-03650; N.D. Cal.) ("Plaintiffs"), in support of the movants' Motion for Transfer of Actions to the Northern District of California (the "Motion"), and, also state the following:

### I. BACKGROUND

The above-named Plaintiffs have filed individual civil actions in the Northern District of California, alleging injury, specifically Parkinson's disease, caused by their exposure to and/or use of paraquat, the herbicide manufactured, sold, and/or distributed by Chevron U.S.A, Inc., Syngenta Crop Protection L.L.C., and Syngenta AG. The undersigned law firm represents these Plaintiffs, as well as numerous additional individuals, all who were diagnosed with Parkinson's disease after repeated or long-term exposure to paraquat.

Plaintiffs generally adopt and concur with the statements of facts and arguments contained in the Motion for Coordinated or Consolidated Pretrial Proceedings ("Motion") and agree that the related actions and tag-along cases should be centralized in an MDL for pretrial proceedings. As set forth more fully in the Motion, all of the cases identified in the Schedule of Actions filed with the Motion, as well as the above-named Plaintiffs, involve substantially similar questions of law

and fact and substantially similar legal claims and requested relief making transfer, centralization, and consolidation pursuant to 28 U.S.C. § 1407 appropriate and necessary to promote efficiency.

## II. ARGUMENT

When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. 28 U.S.C. § 1407(a). The purpose of 28 U.S.C. § 1407(a) is to "promote the just and efficient conduct of multidistrict actions, in part by eliminating the potential for conflicting contemporaneous rulings by coordinate district and appellate courts." *In re Air Crash off Long Island, N.Y. on July 17, 1996*, 965 F. Supp. 5, 7 (S.D.N.Y. 1997) (internal citations and quotations omitted).

Centralization is appropriate here as all of the related actions and tag-along actions involve one or more common questions of fact, specifically:

- Whether paraquat was defective;
- Whether Syngenta and Chevron had knowledge regarding the existence of a defect;
- Whether Syngenta and Chevron conducted adequate testing of paraquat;
- Whether Syngenta and Chevron breached their duty of care to Plaintiffs;
- Whether Syngenta and Chevron failed to warn about the risks of paraquat;
- Whether Syngenta and Chevron breached any warranty, express or implied, related to the sale of paraquat;
- Whether paraquat is capable of causing Parkinson's disease generally; and
- Whether paraquat is capable of causing and/or did cause Parkinson's disease and related injuries of Plaintiffs.

This commonality amongst the related actions and tag-along actions will likely result in need for the same pretrial discovery, specifically document and deposition testimony related to the research, testing, design, manufacture, labeling, marketing, sale, and safety of paraquat.

Centralization and coordination of these cases will therefore eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve judicial resources and the resources of the parties.

The above-named Plaintiffs further agree that these individual actions, and all those involving similar allegations of Parkinson's disease resulting from paraquat use, should be consolidated in the Northern District of California before the Honorable Edward M. Chen ("Judge Chen") for the reasons more fully set forth in the Motion. Additionally, Judge Chen is amply qualified to steer this litigation and he has already successfully overseen numerous Multidistrict Litigations including: *In re: Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2777; *In re Carrier IQ, Inc. Consumer Privacy Litig.*, MDL No. 2330; *In re: Wells Fargo Loan Processor Overtime Pay Litig.*, MDL No. 1841; and *In re: Wells Fargo Home Mortgage Overtime Pay Litig.*, MDL No. 1770.

The Northern District of California is a convenient venue for consolidating these proceedings. Almost half of the related actions listed in the Schedule of Actions are filed in the Northern District of California, with several cases filed after the Motion in that District, including the above-named Plaintiffs. Further, Defendant Chevron U.S.A. has its principal place of business in the Northern District of California. The close proximity of litigants, witnesses, and documents serves the convenience of all involved parties and promotes efficiency.

In addition to the convenient and close proximity to the litigants, witnesses, and documents, the Northern District of California is also in close proximity to the only state consolidated proceeding related to paraquat and the injuries asserted here. *See In re: Paraquat Cases*, JCCP 5031. This Paraquat JCCP is located in Contra Costa County (which is contained within the Northern District of California) before the Honorable Edward G. Weil and is only thirty-five (35)

miles from the Federal Courthouse in San Francisco where Judge Chen sits. The ability of the parties to conduct joint status conferences, a joint science day, and coordinate discovery between the venues would be beneficial and convenient to the parties.

## II. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Panel transfer the above-mentioned actions and all subsequent tag-along cases for the coordinated and consolidated pretrial proceedings before the Northern District of California and assign the matter to Judge Chen.

Dated this 21st Day of May, 2021			Respectfully Submitted,

*/s/ Fidelma L. Fitzpatrick*
Motley Rice, LLC
Fidelma L. Fitzpatrick, RI Bar No. 5471
Chelsea L. Monroe, SC Bar No. 102636
28 Bridgeside Blvd
Mount Pleasant, South Carolina
(843) 216-9000 (Telephone)
(843) 216-9450 (Facsimile)
ffitzpatrick@motleyrice.com
cmonroe@motleyrice.com

*Motley Rice, LLC is counsel of record for Plaintiffs Nazerano Amatucci (4:21-cv-03278; N.D. Cal.), Joe Nelson (4:21-cv-03670; N.D. Cal.), and Darren Ingram (4:21-cv-03650; N.D. Cal.)*