UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: PARAQUAT PRODUCTS
LIABILITY LITIGATION                                                             MDL No. 3004


**TRANSFER ORDER**


**Before the Panel:**[*] Plaintiff in the Northern District of California *Rakoczy* action moves under 28 U.S.C. § 1407 to centralize this litigation involving injuries associated with exposure to the pesticide paraquat in the Northern District of California or, alternatively, the Southern District of Illinois. Plaintiff's motion included fourteen actions pending in six districts, as listed on Schedule A, as well as 77 potentially-related actions.[1]

Plaintiffs in the first-filed Eastern District of Missouri *Holyfield* action oppose centralization and, alternatively, suggest centralization in the Eastern District of Missouri. The remaining plaintiffs support centralization, differing only on choice of a transferee district. The Northern District of California is supported by plaintiffs in thirteen actions or potential tag-along actions as their primary transferee district choice and as an alternative choice by eleven plaintiffs. Plaintiffs in fifteen actions or potential tag-along actions support centralization in the Southern District of Illinois. The district is an alternative suggestion of plaintiffs in six cases. Other plaintiffs suggest centralization in the following districts: the Northern District of Alabama, the District of Minnesota, the Northern District of Mississippi, the Eastern District of Missouri and the Eastern District of Pennsylvania.

Defendants Syngenta Crop Protection LLC and Syngenta Corporation (collectively, Syngenta) and Chevron U.S.A. Inc. (Chevron) do not oppose centralization in the Eastern District of Missouri or, alternatively, the District of Minnesota or the Northern District of Texas.

After considering the argument of counsel,[2] we find that centralization of these actions in the Southern District of Illinois will serve the convenience of the parties and witnesses and promote

---

[*] Judge David C. Norton did not participate in the decision of this matter.

[1] These actions, and any other related actions, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of May 27, 2021. *See* Suppl. Notice of Hearing Session, MDL No. 3004 (J.P.M.L. May 10, 2021), ECF No. 107.

the just and efficient conduct of the litigation. Since 1964, paraquat has been used in the United States to kill broadleaf weeds and grasses before the planting or emergence of various crops, to control weeds in orchards, and to desiccate plants before harvest. The actions here involve common factual issues concerning the propensity of paraquat to cause Parkinson's Disease.[3] This litigation likely will implicate complex scientific and regulatory issues. Centralization will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs in the first-filed Eastern District of Missouri *Holyfield* action oppose the motion to centralize, arguing that centralization is not needed because informal cooperation is feasible and that there are too few actions to justify centralization. They also argue that their case's progress should not be impeded by centralization alongside newer cases. We are not persuaded by these arguments. To date, 77 actions and potential tag-along actions are pending in sixteen different districts. The prospect for informally coordinating so many actions, counsel and courts seems impractical, if not impossible. Plaintiffs in *Holyfield* can present their arguments about the need for swift progress in resolving their claims to the transferee judge.

While any number of proposed transferee districts could ably handle this litigation, we are persuaded that the Southern District of Illinois is the appropriate transferee district for these cases. Illinois ranks in the top five states in paraquat usage. According to counsel for plaintiffs, paraquat litigation has been proceeding in Illinois state court for several years, and the most advanced state court action (*Hoffman*) is nearing trial. Judge Nancy J. Rosenstengel presides over all twenty cases in this district, and assigning this litigation to her affords us the opportunity to select a skilled jurist who has not yet served as a transferee judge. We are confident that Judge Rosenstengel will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of Illinois are transferred to the Southern District of Illinois and, with the consent of that court, assigned to the Honorable Nancy J. Rosenstengel for coordinated or consolidated proceedings with the actions pending there and listed on Schedule A.

---

[3] Certain plaintiffs in potential tag-along actions also allege that exposure to paraquat causes renal injuries. Whether the MDL should be expanded from Parkinson's Disease to include renal injuries can be addressed by the Panel and the parties in due course through the conditional transfer order process.

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

_____
           Karen K. Caldwell
                 Chair

Catherine D. Perry          Nathaniel M. Gorton
Matthew F. Kennelly         Roger T. Benitez
Dale A. Kimball

IN RE: PARAQUAT PRODUCTS
LIABILITY LITIGATION                                           MDL No. 3004

**SCHEDULE A**

    Northern District of California

RAKOCZY v. SYNGENTA CROP PROTECTION, LLC, ET AL., C.A. No. 3:21−02083
O'CONNOR, ET AL. v. SYNGENTA AG, ET AL., C.A. No. 3:21−02495
ALBANESE, ET AL. v. SYNGENTA AG, ET AL., C.A. No. 3:21−02496
DENES v. SYNGENTA AG, ET AL., C.A. No. 4:21−02416
MAJORS v. SYNGENTA AG, ET AL., C.A. No. 4:21−02494

    Southern District of Illinois

HEMKER, ET AL. v. SYNGENTA CROP PROTECTION, LLC, ET AL., C.A. No. 3:21−00211
PIPER v. SYNGENTA CROP PROTECTION, LLC, ET AL., C.A. No. 3:21−00228
RUNYON v. SYNGENTA CROP PROTECTION, LLC, ET AL., C.A. No. 3:21−00229
KEARNS, ET AL. v. SYNGENTA CROP PROTECTION LLC, ET AL., C.A. No. 3:21−00278
DURBIN v. SYNGENTA CROP PROTECTION LLC, ET AL., C.A. No. 3:21−00293

    Eastern District of Missouri

HOLYFIELD, ET AL. v. CHEVRON U.S.A. INC., ET AL., C.A. No. 1:20−00165

    Northern District of West Virginia

BARRAT v. SYNGENTA CROP PROTECTION LLC, ET AL., C.A. No. 3:21−00050

    Southern District of West Virginia

TURNER v. SYNGENTA CROP PROTECTION LLC, ET AL., C.A. No. 2:21−00211

    Western District of Wisconsin

TENNESON v. SYNGENTA CROP PROTECTION LLC, ET AL., C.A. No. 3:21−00231