**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| In Re: PARAQUAT PRODUCTS LIABILITY LITIGATION | ) ) ) ) Case No.: 3:21-md-3004-NJR ) ) MDL No. 3004 ) |
| This Document Relates to All Cases | ) ) |

# CASE MANAGEMENT ORDER NO. 2
# APPOINTING PLAINTIFFS' LEADERSHIP

**ROSENSTENGEL, Chief Judge:**

In Case Management Order No. 1, the Court invited attorneys who had filed a civil action in this litigation to submit applications for Plaintiffs' Lead Counsel and/or Plaintiffs' Steering Committee, as well as Plaintiffs' Liaison Counsel, on or before June 28, 2021. (Doc. 16.) Eighty applications from an impressive array of applicants were submitted for an *in-camera* review, and the Court conducted Zoom interviews with forty-one of those applicants. All applicants were highly qualified and committed candidates, thereby making the selection process difficult. The Court encourages counsel who were not appointed to formal roles at this time to meaningfully engage with Plaintiffs' Leadership. The Court equally encourages Plaintiffs' Leadership to utilize, as needed, the skills and the experience of all applicants for the common benefit of all Plaintiffs in this action.

The Court carefully considered the applicants' written submissions and oral statements in light of the criteria set forth in Case Management Order No. 1, the Manual for Complex Litigation, and Federal Rule of Civil Procedure 23(g). In addition, given the prior efforts of counsel in the Illinois and California state court Paraquat litigation, the

Court was particularly interested in appointing a small, diverse, inclusive, and experienced leadership group that is fully committed to coordinating efforts and sharing information and research to advance these claims in an efficient and cost-effective manner. While the Court is fully aware of the time and resources that Plaintiffs' leadership will be required to expend in this MDL, the Court has no intention of requiring the parties to needlessly duplicate efforts and thus will be appointing Lead Counsel, Liaison Counsel,[1] and a Plaintiffs' Executive Committee (PEC).

Based upon the foregoing, the Court appoints the following:

**I.        CO-LEAD COUNSEL:**

>  **Khaldoun A. Baghdadi**
>  Walkup, Melodia, Kelly & Schoenberger
>  650 California Street, 26th Floor
>  San Francisco, CA 94108
>
>  **Sarah Shoemake Doles (Co-Lead and MDL Plaintiffs' Liaison)**
>  Carey Danis & Lowe
>  8235 Forsyth Blvd., Suite 1100
>  St. Louis, MO 63105
>
>  **Peter Flowers**
>  Meyers & Flowers, LLC
>  225 West Wacker Drive, Suite 1515
>  Chicago, IL 60606

**Co-Lead Counsel** are responsible for coordinating the activities of Plaintiffs during pretrial proceedings. They will have the following responsibilities, including, without limitation:

> a. Determine and present to the Court and opposing parties the position of all matters arising during pretrial proceedings;
>
> b. Coordinate the initiation and conduct of discovery consistent with the requirements of the Federal Rules of Civil Procedure relating to

---

[1] For the MDL proceeding, as well as the state courts in California and Illinois

     discovery or any other subsequent order of this Court;

c. Coordinate with members of the PSC in management of the litigation and fund the necessary and appropriate costs of discovery and other common benefit efforts, including the maintenance of a Plaintiffs' document depository;

d. Coordinate settlement discussions or other dispute resolution efforts on behalf of Plaintiffs, under the Court's supervision;

e. Delegate specific tasks to other counsel in the matter to ensure that pretrial preparation is conducted effectively, efficiently, and economically; schedules are met; and unnecessary expenditures of time and expense are avoided;

f. Consider the qualifications of non-leadership counsel who submitted applications for specific tasks and take into account diversity and inclusivity among the factors considered when assigning duties;

g. Consult with and employ consultants or experts, as necessary;

h. Enter into stipulations with opposing counsel necessary for the conduct of the litigation;

i. Encourage full cooperation and efficiency among all Plaintiffs' counsel;

j. Prepare and distribute periodic status reports to the parties and the Court;

k. Maintain adequate time and disbursement records covering service of designated counsel and establishing guidelines for approval by the Court as to the keeping of time records and expenses;

l. Determine reasonable compensation for non-leadership counsel commensurate with their contributions from a settlement fund, if any, or a verdict;

m. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

n. Present all matters of common concern to Plaintiffs;

o. Perform such other duties as may be incidental to proper coordination with the PEC's pretrial activities or as authorized by further order

of the Court; and

  p. Submit, if appropriate, additional committees and counsel for designation by the court.

## II.  PLAINTIFFS' EXECUTIVE COMMITTEE (PEC):

The Court appoints the following attorneys as members of the PEC:

**David Cates PEC and State Court Liaison for Illinois**
Cates Mahoney, LLC
216 W Pointe Drive, Suite A
Swansea, IL 62226

**Amy Eskin PEC and State Court Liaison for California**
Schneider Wallace Cottrell Konecky LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608

**Chad Finley**
TorHoerman Law
210 Main Street
Edwardsville, IL 62025

**Marlene J. Goldenberg**
GoldenbergLaw, PLLC
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402

**R. Eric Kennedy**
Weisman, Kennedy & Berris Co., L.P.A.
101 W Prospect Avenue
Cleveland, OH 44115

**Leslie LaMacchia**
Pulaski Kherkher PLLC
2925 Richmond Avenue, Suite 1725
Houston, TX 77098

**Roopal P. Luhana**
Chaffin Luhana LLP
600 Third Avenue, 12 Floor
New York, NY 10016

**LaRuby May**
Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr & Mougey, P.A.
316 Baylen Street, Suite 600
Pensacola, FL 32502

**Julia A. Merritt**
Beasley Allen
2839 Paces Ferry Road SE, Suite 400
Atlanta, GA 30339

**Alicia O'Neill**
Watts Guerra LLP
5726 W. Hausman Road, Suite 119
San Antonio, TX 78249

**Aimee H. Wagstaff**
Wagstaff Law Firm
940 North Lincoln Street
Denver, CO 80220

**Amanda Williamson**
Heninger Garrison Davis, LLC
2224 1st Avenue North
Birmingham, AL 35203

**Diandra "Fu" Debrosse Zimmermann**
Dicello Levitt Gutzler
420 20th Street North, Suite 2525
Birmingham, AL 35203

The PEC will conduct and coordinate the discovery stage of this litigation with defense representatives. It will be chaired by Co-Lead Counsel. The PEC is given the responsibility to create such committees and subcommittees as are necessary to efficiently carry out its responsibilities, designate members thereof, and to delegate common benefit work responsibilities to selected counsel (including non-members of the PEC), as may be required for the common benefit of Plaintiffs. The PEC will have the following responsibilities:

a. *Discovery*

1) Initiate, coordinate, and conduct all pretrial discovery on behalf of Plaintiffs in all actions which are consolidated with the instant MDL;

2) Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all Plaintiffs;

3) Cause to be issued in the name of all Plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial discovery of relevant issues found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims;

4) Conduct all discovery in a coordinated, efficient, and consolidated manner on behalf and for the benefit of all Plaintiffs. No attorney for a Plaintiff may be excluded from attending the examination of witnesses and other proceedings. Such attorney may suggest questions to be posed to deponents through the designated PEC members provided that such questions are not repetitious.

b. *Hearings and Meetings*

1) Call meetings of counsel for Plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or the court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings;

2) Examine witnesses and introduce evidence at hearings on behalf of all Plaintiffs;

3) Act as spokesperson for all Plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any Plaintiffs' counsel to present non-repetitive, individual, or different positions;

   c. *Miscellaneous*

    1) Submit and argue any verbal or written motions presented to the Court on behalf of the PEC as well as oppose, when necessary, any motions submitted by Defendant(s) or other parties which involve matters within the sphere of the responsibilities of the PEC;

    2) Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation;

    3) Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by Plaintiffs or their attorneys;

    4) Prepare periodic status reports summarizing the PEC's work and progress. These reports shall be submitted to the Plaintiffs' Liaison Counsel who will promptly distribute copies to the other Plaintiffs' attorneys;

    5) Perform any task necessary and proper for the PEC to accomplish its responsibilities as defined by the Court's orders; and

    6) Perform such other functions as may be expressly authorized by further orders of this Court.

## III. PLAINTIFFS' LIAISON COUNSEL

The court appoints Co-Lead Sarah Shoemake Doles of Carey, Danis & Lowe as Plaintiffs' Liaison Counsel. In addition to serving as a Co-Lead, Plaintiffs' Liaison Counsel will be charged with administrative matters. Notwithstanding the appointment of Liaison Counsel, counsel shall have the right to participate in all proceedings before the court as fully as such counsel deems necessary. Liaison Counsel shall not have the right to bind any party as to any matter without the consent of counsel for that party, except Liaison Counsel's own clients. Further, Liaison Counsel shall remain free to represent the interests and positions of her clients free of any claim (including without limitation any claim of

conflict) arising from service as Liaison Counsel. She will have the following responsibilities, including without limitation:

a. Act as the primary contact between the Court and Plaintiffs' counsel;

b. Coordinate with California and Illinois state court liaisons to organize matters pending in the appropriate jurisdictions;

c. Maintain an up-to-date, comprehensive Service List of Plaintiffs and promptly advise the court and defense counsel of changes to Plaintiffs' Service List;

d. Receive and distribute to Plaintiffs' counsel, as appropriate, orders, notices, and correspondence from the court to the extent such documents are not electronically filed;

e. Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from defense counsel that are not electronically filed;

f. Establish and maintain a document depository;

g. Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party;

h. Assist the PEC in resolving scheduling conflicts among the parties and coordinating activities, discovery, meetings, and hearings;

i. Maintain a file-endorsed copy of this Order, and serve the same on the parties and/or their attorneys in any actions later instituted in, removed to, or transferred to, these proceedings;

j. Maintain records of receipts and disbursements advanced by members of the PEC and received by the PEC, and report in writing to the PEC concerning disbursements, and

k. Perform such other functions necessary to effectuate these responsibilities or as may be expressly authorized by further orders from the court.

IV. **PLAINTIFFS' STATE COURT LIAISONS**

In addition to serving as PEC members, David Cates (for Illinois) and Amy Eskin

(for California) will charged with administrative matters pertaining to their respective jurisdiction. Notwithstanding the appointment of State Court Liaison Counsel, each counsel shall have the right to participate in all proceedings before the court as fully as such counsel deems necessary. State Court Liaison Counsel shall not have the right to bind any party as to any matter without the consent of counsel for that party, except State Court Liaison Counsel's own clients. Further, State Court Liaison Counsel shall remain free to represent the interests and positions of their clients free of any claim (including without limitation any claim of conflict) arising from service as State Court Liaison Counsel. They will have the following responsibilities, including without limitation:

    a. Act as the primary contact between the respective state court and the MDL court;

    b. Maintain and up-to-date, comprehensive Service List of Plaintiffs in their respective state courts;

    c. Assist Lead Counsel in resolving scheduling conflicts among the parties and coordinating activities, discovery, meetings, and hearings concerning their respective state courts, if necessary; and

    d. Perform such other functions necessary to effectuate these responsibilities or as may be expressly authorized by further orders from the court.

## V. PLAINTIFFS' LEADERSHIP CONFERENCE

Those appointed to Plaintiffs' leadership positions are expected to confer within **fourteen days** of the filing of this Order to establish the leadership structure, allocate responsibilities, and institute a billing protocol.

## VI. PERSONAL NATURE OF APPOINTMENTS

The appointments of Co-Lead Counsel, Plaintiffs' Executive Committee, and Plaintiffs' MDL and State Court Liaison Counsel are *personal* appointments. The appointees

cannot be substituted by other attorneys, including members of the appointees' law firm, except with the Court's prior approval. The Court may add or replace appointees on their request, on request of Plaintiffs' leadership team, or on its own motion, if and as circumstances warrant.

## VII. TERM OF APPOINTMENT

The appointments of Plaintiffs' Co-Lead Counsel, Plaintiffs' Executive Committee, and Plaintiffs' Liaison Counsel are for **one year** from the date of this Order. Appointees may only be reappointed when their term expires by resubmitting an application for continued service prior to July 7, 2022, detailing the nature and scope of their work on this litigation, including the time and resources that he or she expended during the previous term. The appointments may be revoked or amended at any time by order of this Court.

## VIII. COMMUNICATIONS WITH THE COURT

All communications from Plaintiffs with the Court must be through Co-Lead Counsel or Liaison Counsel. If circumstances require direct correspondence with the Court by individual counsel, copies of any such communications must simultaneously be served on Co-Lead Counsel and Liaison Counsel.

## IX. COMPENSATION AND REIMBURSEMENT OF PLAINTIFFS' COUNSEL

The Court will make the final determination as to the compensation and reimbursement of Plaintiffs' counsel. All timekeepers carrying out work for Plaintiffs' common benefit, including PEC members who may look to any common fund or agreement for reimbursement or compensation, shall maintain detailed and contemporaneous time records. The Court will provide further details in a subsequent order.

## X. ADDITIONAL LEADERSHIP

Finally, should circumstances change and the need for new or additional leadership position arise, the Court may invite additional applications for leadership from those who initially applied or others.

**IT IS SO ORDERED.**

**DATED: July 6, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**