UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

NOTICE OF HEARING SESSION

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:  **May 29, 2025, at 11:00 a.m.**

LOCATION OF HEARING SESSION:  United States Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Washington, DC 20544-0005

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c). For this Hearing Session, no matters have been designated for oral argument.

FOR THE PANEL:

*James V. Ingold*
James V. Ingold
Clerk of the Panel

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

### HEARING SESSION ORDER

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on May 29, 2025, the Panel will convene a hearing session in Washington, DC, via videoconference or teleconference, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section A of the attached Schedule pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton        Matthew F. Kennelly
David C. Norton            Roger T. Benitez
Dale A. Kimball            Madeline Cox Arleo

SCHEDULE OF MATTERS FOR HEARING SESSION
May 29, 2025 −− Washington, DC (Videoconference or Teleconference)

# SECTION A
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2804 − **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**

Oppositions of defendants Albertson's LLC, Albertsons Companies, Inc., Randall's Food & Drug LP, Safeway, Inc., United Supermarkets LLC, and Publix Super Markets, Inc. to remand, under 28 U.S.C. § 1407(a), of the public nuisance claims in the following actions to their respective transferor courts:

Northern District of Georgia

COBB COUNTY v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:18−02865

Northern District of Texas

COUNTY OF TARRANT v. PURDUE PHARMA LP, ET AL., C.A. No. 3:18−00518

MDL No. 2873 − **IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Signature Flight Support LLC, and City of Wausau, WI to transfer of their respective following actions to the United States District Court for the District of South Carolina and motions of defendant 3M Company to transfer the Maddrey, et al., Morris, et al., Tuites, et al., Roberts, et al., Vincent, et al., Campanella, et al., Colas, et al., Varline, et al., and The Mayor and Aldermen of the City of Savannah, Georgia actions to the United States District Court for the District of South Carolina:

District of Delaware

MADDREY, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:25−00181
MORRIS, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:25−00182
TUITES, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:25−00183
ROBERTS, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:25−00184

Southern District of Georgia

THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH, GEORGIA v. 3M COMPANY, ET AL., C.A. No. 4:25−00058

    Southern District of Illinois

VINCENT, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 3:25−00219

    District of New Jersey

NICK CAMPANELLA, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 3:25−01259

    Eastern District of New York

ANTHONY COLAS, ET AL. v. 3M COMPANY, ET AL., C.A. No. 2:25−00869

    Eastern District of Wisconsin

SIGNATURE FLIGHT SUPPORT LLC v. JOHNSON CONTROLS, INC.,
  C.A. No. 2:24−00845

    Western District of Wisconsin

VARLINE, JAYDEN, ET AL. v. THE 3M COMPANY, C.A. No. 3:24−00859
CITY OF WAUSAU, WI v. GEORGIA−PACIFIC, LLC, ET AL., C.A. No. 3:25−00004

MDL No. 3004 − **IN RE: PARAQUAT PRODUCTS LIABILITY LITIGATION**

  Opposition of plaintiff Dale Smith to transfer of the following action to the United States District Court for the Southern District of Illinois:

    Western District of Washington

SMITH v. CHEVRON USA, INC., ET AL., C.A. No. 2:25−00433

MDL No. 3014 − **IN RE: PHILIPS RECALLED CPAP, BI−LEVEL PAP, AND
                MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**

  Opposition of plaintiffs Jane Chance and Joseph Chance to transfer of the following action to the United States District Court for the Western District of Pennsylvania:

    Northern District of Alabama

CHANCE, ET AL. v. PHILIPS NORTH AMERICA LLC, ET AL., C.A. No. 2:25−00338

MDL No. 3047 − **IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs James Sullivan, Jr., and Tawainna Anderson to transfer of their respective following actions to the United States District Court for the Northern District of California:

<u>Eastern District of Pennsylvania</u>

ANDERSON v. TIKTOK, INC., C.A. No. 2:22−01849
SULLIVAN v. META PLATFORMS, INC., ET AL., C.A. No. 2:25−00456

MDL No. 3108 − **IN RE: CHANGE HEALTHCARE, INC., CUSTOMER DATA SECURITY BREACH LITIGATION**

Oppositions of plaintiffs Benjamin Morris, et al., CDPHP Universal Benefits, Inc., Capital District Physicians' Health Plan, Inc., Blue Cross and Blue Shield of Arizona Incorporated, Health Choice Arizona Incorporated, and Peninsula Radiological Associates, Ltd. to transfer of their respective following actions to the United States District Court for the District of Minnesota:

<u>District of Arizona</u>

BLUE CROSS AND BLUE SHIELD OF ARIZONA INCORPORATED, ET AL. v. CHANGE HEALTHCARE PRACTICE MANAGEMENT SOLUTIONS INCORPORATED, ET AL., C.A. No. 2:25−00550

<u>Middle District of Florida</u>

MORRIS, ET AL. v. CHANGE HEALTHCARE, C.A. No. 6:25−00208

<u>Northern District of New York</u>

CAPITAL DISTRICT PHYSICIANS' HEALTH PLAN, INC., ET AL. v. CHANGE HEALTHCARE TECHNOLOGIES LLC, ET AL., C.A. No. 1:25−00233

<u>Eastern District of Virginia</u>

PENINSULA RADIOLOGICAL ASSOCIATES, LTD. v. CHANGE HEALTHCARE, INC., ET AL., C.A. No. 3:25−00170

MDL No. 3114 − **IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION**

Opposition of plaintiffs Jon Stormont, FFNM Services, LLC, Claims Holding Group, LLC, Michael Richards, and Sergio Salani to transfer of the following actions to the United States District Court of the Northern District of Texas:

<u>Southern District of Florida</u>

STORMONT v. AT&T MOBILITY LLC, C.A. No. 1:24−24943
FFNM SERVICES, LLC v. AT&T MOBILITY LLC, C.A. No. 1:24−25056
CLAIMS HOLDING GROUP LLC v. AT&T MOBILITY LLC, C.A. No. 1:25−20076
CLAIMS HOLDING GROUP LLC v. AT&T MOBILITY LLC, C.A. No. 1:25−20082
CLAIMS HOLDING GROUP LLC v. AT&T MOBILITY LLC, C.A. No. 1:25−20086
CLAIMS HOLDING GROUP, LLC v. AT&T MOBILITY LLC, C.A. No. 1:25−20088
CLAIMS HOLDING GROUP, LLC v. AT&T MOBILITY LLC, C.A. No. 1:25−20098
CLAIMS HOLDING GROUP, LLC v. AT&T MOBILITY LLC, C.A. No. 1:25−20102
CLAIMS HOLDING GROUP, LLC v. AT&T MOBILITY LLC, C.A. No. 1:25−20106
CLAIMS HOLDING GROUP, LLC v. AT&T MOBILITY LLC, C.A. No. 1:25−20114
CLAIMS HOLDING GROUP, LLC v. AT&T MOBILITY LLC, C.A. No. 1:25−20129
CLAIMS HOLDING GROUP, LLC v. AT&T MOBILITY LLC, C.A. No. 1:25−20130
CLAIMS HOLDING GROUP, LLC v. AT&T MOBILITY LLC, C.A. No. 1:25−20131
RICHARDS v. AT&T MOBILITY LLC, C.A. No. 1:25−20378
SALANI v. AT&T MOBILITY LLC, C.A. No. 1:25−20381

MDL No. 3140 − **IN RE: DEPO−PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Vicki Daniels to transfer of the following action to the United States District Court for the Northern District of Florida:

<u>Southern District of Illinois</u>

DANIELS v. PFIZER, INC., ET AL., C.A. No. 3:25−00188

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a) <u>Schedule</u>. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

(b) <u>Oral Argument Statement</u>. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

(i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c) <u>Hearing Session</u>. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

(i) the dispositive issue(s) have been authoritatively decided; or

(ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process. Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

(d) <u>Notification of Oral Argument</u>. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

(i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

(ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e) <u>Duty to Confer</u>. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

(f) <u>Time Limit for Oral Argument</u>. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.