UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: PARAQUAT PRODUCTS
LIABILITY LITIGATION                                                        MDL No. 3004


**TRANSFER ORDER**


**Before the Panel:**[*]  Plaintiff in the action listed on Schedule A (*Smith*) moves under Panel Rule 7.1 to vacate the order conditionally transferring his action to MDL No. 3004.  Defendants Syngenta Crop Protection LLC and Chevron U.S.A. Inc. oppose the motion and support transfer.

After considering the argument of counsel, we find that this action involves common questions of fact with the actions transferred to MDL No. 3004, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  In our order establishing this MDL, we held that the Southern District of Illinois was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that exposure to the herbicide paraquat caused plaintiffs to suffer Parkinson's disease.  *See In re Paraquat Prods. Liab. Litig.*, 544 F. Supp. 3d 1373 (J.P.M.L. 2021).  Plaintiff in the action before us alleges that his exposure to paraquat caused him to develop Parkinson's disease.  The action thus falls squarely within the scope of the MDL.

In support of his motion to vacate, plaintiff argues that removal to federal court was improper and transfer will unfairly reward defendants' removal that occurred days before a summary judgment hearing.  Plaintiff further argues that an impending settlement in the MDL will preclude the transferee court from ruling on plaintiff's motion to remand his case to state court.  As we have explained repeatedly, jurisdictional objections like plaintiff's do not present an impediment to transfer.[1]  *See, e.g., In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").  "This is so even where, as here, plaintiffs assert that the removals were patently improper."  *In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018).  Moreover, pending summary judgment or *Daubert* motions are not impediments to transfer, so long as transfer serves the just and efficient conduct

---

[*] Judges Nathaniel M. Gorton, David C. Norton, and Dale A. Kimball took no part in the decision of this matter.

[1] Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

of the litigation, which we find it does here. *See, e.g.*, *In re Mirena IUS Levonorgestrel-Related Liab. Litig. (No. II)*, 249 F. Supp. 3d 1357, 1360 n.6 (J.P.M.L. 2017) (transferring two actions with pending *Daubert* and summary judgment motions).

Finally, transfer is appropriate even though the parties in the MDL appear on the cusp of settlement[2] and plaintiff stated he will opt out of any such settlement. "The Panel often has recognized that transfer of putative opt-out actions to an advanced MDL with a proposed class settlement is desirable because of 'the efficiencies from the transferee court's management of overlapping actions, integration of existing discovery with discovery in the new actions, and the court's expertise in the issues.'" Transfer Order at 2, *In re Monitronics Int'l, Inc. Tel. Consumer Prot. Act (TCPA) Litig.*, MDL No. 2493 (J.P.M.L. Oct. 4, 2017) (quoting Transfer Order at 2, *In re Payment Card Interchange Fee and Merch. Disc. Antitrust Litig.*, MDL No. 1720 (J.P.M.L. Oct. 16, 2013)).

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of Illinois and, with the consent of that court, assigned to the Honorable Nancy J. Rosenstengel for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Matthew F. Kennelly         Roger T. Benitez
Madeline Cox Arleo

---

[2] *See* Order Staying Case-Specific Discovery Deadlines, *In re Paraquat Prods. Liab. Litig.*, No. 3:21-md-3004 (S.D. Ill. May 9, 2025) ("On April 14, 2025, the Court was informed that lead counsel for Plaintiffs and Defendants had reached a tentative agreement to settle this litigation."), ECF No. 5621.

**IN RE: PARAQUAT PRODUCTS
LIABILITY LITIGATION**  MDL No. 3004

## SCHEDULE A

<u>Western District of Washington</u>

SMITH v. CHEVRON U.S.A., INC. ET AL., C.A. No. 2:25−00433